## PARMELIA GILROY ET AL. v. ALICE RICHARDS ET AL.

### Decided May 29, 1901.

**1.—Will—Election by Wife—Devise of Community Property.**

The husband can not devise community property contrary to the wife's wishes; but if he attempts to do so, and she recognizes such disposition by accepting, under the will as devisee, rights she would not otherwise be entitled to, she is precluded from disputing the validity of such disposition of her community interest in the property upon the doctrine of election.

**2.—Same—Lapse of Devise—Estoppel.**

Where a testator devises certain real estate, his separate property, on which there were improvements that were community property, to his mother, but giving the first year's rent thereon to his wife, and the mother died before the testator, the wife's acceptance of the rent did not estop her from claiming the improvements as community property, since the devise to the mother had lapsed, and the will did not then pass any community property.

**3.—Community and Separate Property—Community Improvements—Reimbursement.**

Where community funds are used in making improvement on the separate lands of the husband, and the wife, on the death of the husband, succeeds to the rights of the community, she is entitled to reimbursement from the husband's heirs for the funds so expended.

**4.—Same—Issue for Jury.**

Where the evidence showed that the improvements were made upon the separate real estate of the husband during the marriage, but it did not appear whether they were paid for with separate or with community funds, the question was for the jury, and it was error to refuse to submit such issue and to reject evidence as to the amount so expended on the improvements.

**5.—Same—Evidence—Statements by Decedent.**

In an action by the husband's heirs against the wife, and upon the issue whether certain improvements on land descending to such heirs had been made with community funds, the wife could not, under the statute, testify that the deceased husband told her after their marriage that he had but very little money. Rev. Stats., art. 2302.

**6.—Same—Separate Estate Not Chargeable by Survivor.**

Where the wife upon the husband's death succeeded to the community property and liabilities, she was not entitled to reimbursement, by the husband's heirs to whom separate real estate had descended, for community funds expended by her for street improvements thereon, the cost of which was not a lien on the land; nor for money expended by her for the husband's funeral expenses, that being a community debt; nor for attorney's fees paid by her in a contest over the husband's will, that being her individual debt.

**7.—Will—Lapse of Legacy—Death of Devisee.**

The lapse of a devise of real estate charged with payment of a specific legacy, by the death of the devisee before the testator, does not cause the legacy to lapse.

**8.—Same—Legacy Charged with Payment.**

Where land was devised to the testator's mother, with a specific legacy of one year's rent to his wife, but requiring the latter to pay $150 thereof to the mother, and the devise lapsed by reason of the mother's death before that of the testator, the $150 was held by the wife in trust for the testator's heirs.

**9.—Tenants in Common—Expense of Insurance.**

A joint owner, who does not represent his co-owner, but holds the property adversely to him, can not legally insure the entire property from loss by fire and charge any part of the insurance expense to his co-owner against his consent.

Appeal from Dallas.   Tried below before Hon. J. J. Eckford.

*J. C. Muse,* for appellant.

*W. J. Moroney* and *Joseph M. Dickson,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellees against Parmelia Gilroy, with whom her husband has joined pro forma as a defendant, in the form of an action of trespass to try title to recover lots 18 and 19, block A, Burford, Stemmons & Williams addition to the city of Dallas.   The petition alleges that plaintiffs and defendants were the joint owners of the lots, and sets out the interest of the respective parties, prays for a partition, and judgment for the rents and profits of said property.

By special answer Mrs. Gilroy claimed the property in controversy under the will of her deceased husband, D. C. Mitchell.   That if she was not entitled to all the property under the will, one-half of it descended to her as the surviving wife of her deceased husband, it having been his separate property, and there being no children by their marriage.   She then avers that certain improvements were, after her marriage with D. C. Mitchell and before his death, placed upon the property and paid for with funds of the community, and prays to recover the value of the improvements, and it be adjudged a charge upon the property.   That in the management of the property she has been compelled to pay water rents, taxes, repairs, and insurance premiums thereon, which she claims should either be deducted from the rents collected by her, or charged in her favor against the property.   She also claims that the funeral expenses of her deceased husband paid by her, and attorneys fees in probating his will, should also be adjudged a lien in her favor upon the property.

Upon the trial of the case the trial judge, evidently deeming the principal facts uncontroverted or established by the undisputed testimony, submitted to the jury by special issues only these questions for their determination:  "(1)   What is the value of lots 18 and 19, independent of the improvements?   (2)   What is the value of the improvements upon lots 18 and 19?"   The answer to the first was $6000; to the second, $1500.

The trial judge then found and entered in the judgment as his con-

clusions of law and fact that the lots were the separate property of D. C. Mitchell, who died on the 8th day of July, 1897, leaving a will, by the terms of which his widow, Parmelia Mitchell, the defendant, was given the right to collect the rents from said lots for the first twelve months after her husband's death, and after giving his mother, Ellen or Ellenor Morris, $150 to pay all taxes due on the property, and do with the balance as she wished; that to his mother, Ellen or Ellenor Morris, he devised said lots with improvements thereon, subject to said bequest to his wife; that Ellen or Ellenor Morris died before D. C. Mitchell, and that, as to the property devised to his mother, he died intestate; that D. C. Mitchell never had any children or child; that his father died before he did; that he left surviving him four sisters and the children of one deceased brother and two deceased sisters, all of whom are parties to the suit, and who inherited one-half interest in the two lots in·controversy, and that Parmelia Mitchell, now Gilroy, inherited the other one-half interest, they being all his heirs. That Parmelia Mitchell has since married John Gilroy. He then finds the extent of the interest of each party to the property, as well as in the rents collected by Mrs. Gilroy (save for the first year) since Mitchell's death. He then finds that appellants, Parmelia and John Gilroy, are entitled to credit on the rents charged for repairs, fire insurance, taxes, water rents, and commissions paid for rent collections since July 8, 1898, to be pro-rated according to the interest of the several parties. That said appellants are entitled to no other credits, nor to any allowance, credit, or compensation on account of the improvements erected during the life of D. C. Mitchell. That they are charged with legal interest on the net amount due at and from the first day of January of each year, and that according to the account thus stated, there is now due· and owing by them to the other joint owners (appellees), in the proportion stated, the sum of $962.21.

It is then adjudged that the parties to the suit are the joint owners of the lots in controversy, together with the improvements thereon, the interest of each owner being specifically stated, and commissioners are appointed to partition the property between them, and judgment was entered against appellants in favor of appellees for the sum of $962.21, found by the court as before stated, together with all costs of suit expended up to the time judgment was entered. All the parties, plaintiffs and defendants, excepted to the judgment thus rendered, gave notice of appeal, and have assigned errors.

The facts found by the trial judge are undisputed, and as to them there is no controversy. The contention is that the court erred in not submitting other issues of fact to the jury, and in its conclusions of law upon the facts found, as will be shown from the assignments of error of the several parties. Before considering these assignments of error in view of the questions raised by them, it may be well to insert here the provisions of D. C. Mitchell's will. They are as follows:

"After the payment of my just debts and funeral expenses, I bequeath

and devise as follows: To my wife, Parmelia E. Mitchell, I give all of lot 14, block 149, lots 3 and 4 in block 138; 3 and 4 in block E, of Middleton Bros.' Central avenue addition of Murphy and Bolan official map of the city of Dallas. I also give to Parmelia E. Mitchell all money on hand, notes and accounts due me, with the right to collect twelve months' rent (the first twelve months after my death) from the tenants in the house on lots 18 and 19 in block 149, and after giving my mother, Ellen or Elnor Morris, the sum of $150, and pay all taxes due on the above named property, do with the balance of the receipts as I have verbally instructed, or as she may wish.

"To my mother, Ellen or Ellenor Morris, I give all of lots 18 and 19, block 149, with all the improvements on same, and to do with them as she may see proper after the above named conditions have been complied with. In testimony whereof I hereunto set my hand, in the presence of three witnesses, declare this to be my last will, this 10th day of December, 1888."

It is deemed also necessary to state here that the uncontroverted evidence shows that the improvements upon lots 18 and 19, found by the jury to be of the value of $1500, were made after Mitchell married Parmelia, but whether with separate or community funds, it does not otherwise appear from the evidence.

The first assignment of error is that "the court erred in holding, as a matter of law, that Parmelia Gilroy, nee Mitchell, was estopped under the will of D. C. Mitchell from recovering the community money invested and used in the improvement of the separate property of her husband, described in plaintiff's petition, or from recovering the value of the improvements constructed upon said separate property." This assignment assumes that the improvements made upon the lots were made with community funds; for unless they were made with such funds, it can not be said that the court held as a matter of law that Mrs. Gilroy was estopped by the will from recovering either the money so invested or the value of the improvements. There is no specific finding by the court that the improvements upon the lots were made or paid for with such funds. Appellants, plaintiffs below, requested the court to submit the issue to the jury as to whether the improvements constructed upon the lots were paid for out of the community money of D. C. Mitchell and his wife, but the court refused to submit such issue, and its failure to do so is assigned as error. From the refusal of the court to submit this issue, it may be asumed that the court deemed that the fact the improvements were made during their marriage was sufficient proof that they were paid for with community funds, and held as a matter of law that Mrs. Gilroy was estopped from recovering the money or the value of the improvements by exercising her right under the will to collect the first twelve months' rent, after the death of the testator, from the tenants on the property in controversy, which the uncontroverted evidence shows she did.

Election, as defined by Judge Story, is: "The obligation imposed

upon a party to choose between two inconsistent or alternative rights or claims in cases where there is a clear intention of the person from whom he derives one, that he should not enjoy both." Story Eq. Jur., sec. 1075. As applied to the law of wills, it simply means that he who takes under a will must conform to all its provisions. He can not accept a benefit given by the testamentary instrument, and evade its burdens. If he takes a beneficial interest in the estate under the will, equity will hold him to his choice, and it will be conclusively presumed that he intends thereby to ratify and conform to every part of it. In order to put the donee of a benefit under a will to an election, two things are essential: (1) The testator must give property of his own, and (2) he must profess to dispose of property belonging to the donee. Adams on Eq., 93. The foundation of the doctrine of election rests upon a presumptive intention upon the part of the testator that the donee was not to take a double benefit. Underh. on Wills, sec. 728.

The husband can not devise community property contrary to the wife's wishes, but if he attempts to do so, and she recognizes such disposition by accepting, under the will as devisee, rights she would not otherwise be entitled to, she is precluded from disputing the validity of the disposition of her property upon the doctrine of election. Speer, Mar. Women, sec. 162; Lee v. McFarland, 19 Texas Civ. App., 292; Smith v. Butler, 85 Texas, 126; Rogers v. Trevantan, 67 Texas, 406; McClary v. Duckworth, 57 S. W. Rep., 317; In re Stewart Estate, 74 Cal., 98, 15 Pac. Rep., 445.

If it were shown that the improvements, of which Mrs. Gilroy claims the value, were erected and paid for with the community funds of her deceased husband, is she, upon the principles above stated, by reason of her collecting and appropriating the one year's rent on the premises in controversy, bequeathed her by the will, estopped from recovering the value of the improvements, or the money paid for them? From the fact that a will does not take effect until the death of the testator to vest any interest, it follows that in case of an immediate gift, whether real or personal, where the beneficiary dies before the testator, the gift lapses; and where, as in this case, there is no residuary legatee, it dscends to the heirs as real property of which the deceased was intestate. Under this principle, the title to the two lots in controversy, by reason of Mitchell's mother having died before he did, descended and vested in his heirs, just as though no will had ever been made. Then, if it should be conceded that the improvements were made with community funds, the only property (excluding the year's rent) received by Mitchell's wife under the will was community; and upon his death, Mitchell leaving no children, she would have been entitled to it all, except the rents, independent of the will. Sanburn v. Deal, 3 Texas Civ. App., 386. As no property owned individually or separately by Mrs. Gilroy was devised by the will to anyone, except herself, the doctrine of estoppel by election has no application. Speer, Mar. Women, secs. 162, 137. Therefore we conclude that Mrs. Gilroy was not estopped

by reason of her collecting the year's rents, from claiming the value of the improvements erected on the premises, if they were made with community funds; and that if the court based its refusal to allow her the value of the improvements upon the ground of such estoppel, it was an error.

If the improvements which were made upon the lots in controversy were paid for with community funds, the community would be entitled to be reimbursed to the extent of such payments or value of the improvements. Sanburn v. Deal, 3 Texas Civ. App., 391, and authorities cited. And as Mrs. Gilroy, upon the death of Mitchell, succeeded to the rights of the community (whether by inheritance or under the will it makes no difference), she would be entitled to be reimbursed.

Under the facts developed upon the trial of this case, it can not be said, as a matter of law, that the improvements were made and paid for with community funds; or that they were not made and paid for with community funds. See Rice v. Rice, 21 Texas, 58; Medlenka v. Downing, 59 Texas, 37; Watts v. Miller, 76 Texas, 16; Duke v. Reed, 64 Texas, 715; McDougal v. Bradford, 80 Texas, 564. While the burden was upon appellants to show that community funds were expended in the improvements (Welder v. Lambert, 91 Texas, 527), it was a question of fact that should have been determined from the evidence in this case, whether community funds were so expended. And, in our opinion, the court erred in refusing to submit the special issues requested by appellants which separately presented the question for the decision of the jury, whether the improvements on lots 18 and 19 were paid for out of the community money of D. C. Mitchell and wife. If they were paid for with community funds, Mrs. Gilroy, as the representative of the community, would be entitled to be reimbursed to the extent of the money so invested. Sanburn v. Deal, supra; Rice v. Rice, supra; Schwartzman v. Cabell, 49 S. W. Rep., 116. And the court erred in not admitting proof as to the amount of money invested in the improvement of said lots.

As we have held that this is a case in which the doctrine of election to take under a will does not so apply as to estop Mrs. Gilroy from asserting her right to be reimbursed for community funds expended in improvements of the property, and the land in controversy was not affected by the will, we do not think that it was permissible for her to testify that D. C. Mitchell, after she married him, told her that he had very little money. Therefore the court below did not, in our opinion, err in holding such testimony inadmissible under article 2302, Revised Statutes.

It not being shown that the cost of the street improvements for which Mrs. Gilroy asks to be reimbursed was a lien or charge upon the lots in controversy, the court did not err in refusing to give judgment in her favor against the appellees for any of the money expended by the community or her in making such improvements. Nor did the court err in refusing to charge the property involved in this suit with the funeral

expenses of D. C. Mitchell, paid by his wife, nor with the money paid by her as attorney's fee for defending the suit to contest her husband's will. The first (funeral expenses) was a charge upon the community, and the latter upon her individually.

The death of a devisee of lands which are devised, charged with a legacy to be paid out of the rents and profits, causing the devise to lapse, has no effect upon the legacy, for that is still good and must be paid. Therefore, notwithstanding the lapse of the devise of the lands to the testator's mother by reason of her death, there was no lapse by reason of her death of so much of the legacy arising from the rents of the land as was bequeathed Mrs. Gilroy under the will. This was the first year's rents after the testator's death, which was charged with a bequest of $150 to his mother. This donation of $150 to Ellen Morris lapsed by reason of her death prior to the testator's, and when collected by Mrs. Gilroy, was held in trust by her for the heirs of her deceased husband. Therefore the court erred in not adjudging it to said heirs to be divided among them in the same proportion as the land,—she being entitled to one-half of it, and appellees to the other half.

Mrs. Gilroy was not authorized by the appellees to the effect the insurance upon the property for which she paid the premiums after July 8, 1898. When the policies were taken out, she was claiming the property adversely to her joint owners. A joint owner, who does not represent his co-owner, but holds the property adversely to him, can not legally insure the entire property from loss by fire and charge any part of the insurance to his co-owner against his consent. Therefore the court erred in crediting Mrs. Gilroy with the insurance premiums paid by her for the time after July 8, 1898.

On account of the errors indicated, the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*