STEPHENSON v. LUTTRELL et al.

(Court of Civil Appeals of Texas. San Antonio. Oct. 15, 1913. On Motion for Rehearing, Nov. 19, 1913.)

1. PLEADING (§ 205*) — INCONSISTENCY—GENERAL DEMURRER.

Plaintiff sued for title and possession of certain land, and in the alternative, if it should be found that he was the owner of only two-thirds thereof, for contribution by defendant, the owner of the other third, for money paid in filling the land in order to preserve it and to prevent it becoming a nuisance. Held, that the petition was not subject to general demurrer for inconsistency.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 491–493, 495, 496, 498–510; Dec. Dig. § 205.*]

2. TENANCY IN COMMON (§ 38*)—ACTION FOR CONTRIBUTION—PETITION—NOTICE.

In an action by the owner of two-thirds of a lot of land for contribution from the owner of the other third for filling the land, allegations that the owner of the other third could not be notified because of plaintiff's inability to discover any claimant therefor were sufficient as to notice.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 100–104, 107–118; Dec. Dig. § 38.*]

3. TENANCY IN COMMON (§ 38*)—ACTION FOR CONTRIBUTION — PETITION — NECESSITY FOR EXPENSE.

In such action, allegations that if the land had not been filled while the lots about it were filled it would form a basin in which water would collect and produce a nuisance, sufficient-

ly showed a necessity for the filling, without alleging how stagnant water in a city would become a nuisance, nor that any effort was made to abate a nuisance that would arise in the future.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 100–104, 107–118; Dec. Dig. § 38.*]

4. TENANCY IN COMMON (§ 38*)—ACTION FOR CONTRIBUTION — PETITION — PAYMENT BY PLAINTIFF.

Allegations that a contract was made with a dredging company to fill the road for a certain sum, and that the work was done and the amount expended by plaintiff, were sufficient as to plaintiff's payments of the sum agreed to be paid.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 100–104, 107–118; Dec. Dig. § 38.*]

5. TENANCY IN COMMON (§ 29*)—LIABILITY TO CONTRIBUTE.

Where the owner of one-third of a lot of land knew that it was being filled by the owner of the other part and concealed his claim to the land and sought to derive the advantages of the work without paying for it, he was liable for his share of an expenditure which had increased the value of the lot more than the sum expended.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 89–92, 94; Dec. Dig. § 29.*]

6. DAMAGES (§ 67*)—LIABILITY—ACTION FOR DAMAGES.

A claim against the owner of one-third of a lot for contribution of that part of the expense of filling the lot was not an open account between the parties, or a claim for damages, not allowing the assessment of interest as a part of the damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 135, 136; Dec. Dig. § 67.*]

7. COSTS (§ 234*)—APPEAL—MODIFICATION OF JUDGMENT.

Where the error in assessing interest as a part of the damages was not definitely brought to the notice of the lower court, defendant could not avoid the payment of costs by having that item stricken out and the judgment reformed on appeal.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 892–899; Dec. Dig. § 234.*]

8. LIMITATION OF ACTIONS (§ 28*)—CONTRIBUTION BETWEEN TENANTS IN COMMON.

A suit against plaintiff's tenants in common for contribution of their share of the expense incurred by plaintiff in filling and improving the land, instituted within two years after the cause of action accrued, was not barred.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 134, 135, 142; Dec. Dig. § 28.*]

9. PARTITION (§ 113*)—REVIEW—NECESSITY OF OBJECTION—JUDGMENT.

Where there was no objection thereto in the trial court, the part of a judgment which adjudged land incapable of partition and decreed a sale of the same will not be considered on appeal.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 424–439; Dec. Dig. § 113.*]

10. PARTITION (§ 57*)—ALLEGATIONS.

Where there was a plea for partition of land, it was not necessary to allege that the property was incapable of partition, since under the express provision of Rev. Civ. St. 1911, art.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

6111, it devolved upon the court to determine whether or not the land could be partitioned.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 162, 163; Dec. Dig. § 57.*]

11. PARTITION (§ 113*) — REVIEW — PRESUMPTION TO SUSTAIN JUDGMENT.

Where a tenant in common, defending an action by another tenant in common for contribution, asked no finding as to whether the land could be partitioned, it will be presumed that a decree of sale was founded upon sufficient evidence.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 424–439; Dec. Dig. § 113.*]

12. TENANCY IN COMMON (§ 36*)—CONTRIBUTION—PAYMENT.

Where a tenant in common, suing his co-tenant for contribution to the expense of filling the lot, bound himself to pay a certain sum therefor and paid all of it except $1,000, which was an outstanding obligation against him, defendant could not resist payment of his share of that amount on the ground that plaintiff would never pay it.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. § 105; Dec. Dig. § 36.*]

13. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—STATEMENT.

An assignment of error not followed by a statement will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

14. APPEAL AND ERROR (§ 548*)—NECESSITY OF EXCEPTION—ADMISSION OF EVIDENCE.

Where no bill of exceptions was reserved to the admission of evidence, the assignment of error therein will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

On Motion for Rehearing.

15. APPEAL AND ERROR (§ 440*)—EFFECT OF APPEAL—CORRECTION OF JUDGMENT—POWER OF LOWER COURT.

Where the court found that a defendant, in an action by a tenant in common for contribution, had no interest in the land and the omission of such defendant's name from a judgment of dismissal was a mistake or oversight, the district court had the right, at any time before final judgment on appeal, to correct the mistake and render such judgment nunc pro tunc as should have been rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2198–2201; Dec. Dig. § 440.*]

16. APPEAL AND ERROR (§ 743*) — RECORD — BILL OF EXCEPTIONS.

Where an assignment of error and the propositions and statements thereunder make no reference to a bill of exceptions, the court is under no obligation to search through the statement of facts or other part of the record to find bills of exception.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

Error from District Court, Galveston County; Robt. G. Street, Judge.

Action by R. W. Luttrell against John Stephenson and others. Judgment for plaintiff and defendant Stephenson brings error. Reformed and affirmed.

G. G. Clough, of Galveston, for plaintiff in error. Maco & Minor Stewart, J. E. Quaid, and Louis G. Lobit, all of Galveston, for defendants in error.

FLY, C. J. This suit was instituted by R. W. Luttrell against John Stephenson, W. E. Stringfellow, James W. Walker, and James A. Borard and wife, in which ownership in certain land in the city of Galveston was claimed by Luttrell, and it was alleged that he had caused the land to be filled, in pursuance of the general policy to raise the grade of the surrounding territory; that the lot was a marsh, before it was filled, of value not exceeding $3,500; that Luttrell made a contract for the filling of the lot, agreeing to pay therefor the sum of $6,825.87; that the filling was absolutely necessary to protect the lot and render it useful; that the filling was done by the North American Dredging Company, and increased the value of the lot more than the sum expended for filling the same. Luttrell prayed for title and possession of the property, and in the alternative for contribution for one-third of the sum expended in filling the lot. The cause was tried, without a jury, resulting in a judgment in favor of Luttrell for two-thirds of the land, in favor of Stephenson for the other one-third, and that Luttrell recover of Stephenson the sum of $2,275.29, with interest thereon at 6 per cent. per annum from July 17, 1909, that the same constitute a lien on the one-third interest, and that the property be sold for partition.

It was found by the court that Luttrell made efforts in good faith to discover the owner of the one-third interest that he might have him to join in having the lot filled; that it was absolutely necessary that it should be filled in order to preserve and enhance its value and prevent it from becoming a public nuisance; that, not finding the owner, Stephenson's deed to the land not being recorded, Luttrell was compelled by the necessities of the occasion to have the lot filled, which he did, through a contract with the North American Dredging Company, at a cost of $6,825.-87, all of which he paid in services except the sum of $1,000, which he owed; that Stephenson and those under whom he claims knew that the lot was being filled, but did not object, and speculated on the chance of not having to pay any part of the cost of the filling, and that the value of the property was increased at least in the sum expended upon it. In addition the court found that the evidence did not show the date of the rendering of the services by Luttrell, but that the cost of the work was shown and the claim of Luttrell was not barred by limitation. We conclude that the findings are sustained by the facts.

[1] The petition was not subject to general demurrer, and the contention of plaintiff in error that a petition which repudiates the title of the defendant, and at the same time seeks contribution, does not state a cause of action, cannot be sustained. Luttrell had a right to sue for the whole of the land and

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

plead in the alternative that if he should recover only two-thirds of the land, he should recover for the expenditures incurred by him on the one-third share. The question is not an open one in Texas, but it has been held by the Supreme Court: "The court, in determining the rights of the parties, will adjust them upon the proper basis. It will deny to the ousting cotenant his claim to the exclusive ownership of the property, but will enforce his true rights with respect to it; and, if he has discharged burdens which rested alike on the whole estate, it will require his cotenants, when they seek partition and settlement with him, to bear their just proportion of such burdens, requiring him, at the same time, to account for any benefits, in excess of his just share, which he has received from the estate." Hanrick v. Gurley, 93 Tex. 459, 54 S. W. 354. The quoted language was used in an action of trespass to try title, and an adjudication of the rights of the parties was had, and is law and common sense.

[2] The petition fully alleged a necessity for the filling of the land and the inability on the part of Luttrell to discover any claimant of one-third of the land, and the court did not err in overruling an exception to the effect that the petition was defective in not alleging that the owner of the third interest was notified. It was sufficient to allege that the owner could not be notified because unknown. This disposes of the second assignment of error.

[3] The third assignment is without merit, and is overruled. It was sufficient to allege that if the lot had not been filled, while the lots about it were filled, it would form a basin in which water would be collected and produce a nuisance. It was not necessary to allege how stagnant water in a city would become a nuisance, nor to allege that any effort was made to abate a nuisance that would arise in the future.

[4] It was alleged that a contract was made with the North American Dredging Company to fill the lot for a certain sum, and that the work was done, and that the amount was expended by Luttrell, and the petition was sufficient as to the payments of the sum agreed to be paid. The fourth assignment is overruled.

A contract for the purchase of two-thirds of the land was entered into between Luttrell and Hanley and Herring on February 25, 1909, and $250 was paid on the trade. Hanley was paid for his interest on April 14, 1909, and Herring was paid in full on June 30, 1909. Hanley's deed to Luttrell was dated July 9, 1909, and from Herring to Luttrell, June 23, 1909. The filling began in the latter part of May, and was finished on July 12, 1909. The contract for the purchase of the land was made before the filling began and before the contract for the filling was executed. The fifth assignment is therefore overruled.

[5] The evidence fails to show that plaintiff in error, and those under whom he claims, were innocent purchasers of the land without notice of the claim and equitable lien of Luttrell. On the other hand, the evidence tends to show that those parties knew that the land was being filled, and concealed their claim to the land and sought to derive the advantage arising from the work done on the land without paying for it. They failed to place themselves even in the proximity of innocent purchasers. They speculated on having the land improved without cost to them, failed in their speculation, and must bear the burdens. It would be inequitable and unjust for plaintiff in error to reap where another has sown, and profit by the expenditure of the labor and money of another without giving something in return.

The seventh and eighth assignments of error are based on a claim of the insufficiency of the evidence to sustain the judgment, and are disposed of adversely to plaintiff in error by our adoption of the findings of fact of the trial judge.

[6, 7] In the petition no claim was made for interest on the amount claimed by Luttrell. The only amount claimed was one-third of the money expended in raising the grade of the lot, and that amount was $2,275,29. The court rendered judgment for that amount, with interest at 6 per cent. per annum from July 17, 1909, the time at which the work was completed. If there had been a claim for damages in a sum greater than the principal and interest, even though the latter was not mentioned eo nomine, there might be a basis for the decreeing of interest, but the claim is merely for one-third of $6,825.87. The claim is not an open account between the parties, interest on which is provided for by law, but is rather a claim for damages, with no features attaching requiring the assessing of interest as a part of the damages. Neither this point, nor for that matter any other raised in the brief of plaintiff in error, is discussed or adverted to in the paper denominated a brief for defendants in error. The error in assessing the interest was not definitely brought to the notice of the lower court, and plaintiff in error will not avoid the payment of costs by having the item stricken out and the judgment reformed in this court.

The tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth assignments are without merit, and are overruled.

[8] The sixteenth and seventeenth assignments of error claim that the amount sued for was barred by limitation. The court found otherwise, and the evidence sustained his finding. The suit was instituted in less than two years after the cause of action accrued.

[9] No objection was offered in the trial

court to that part of the judgment which adjudged the land incapable of partition and decreed a sale of the same, and it will not be considered in this court.

[10, 11] There was a plea for partition, and it was not necessary to allege that the property was incapable of partition. It devolved upon the court to determine whether or not the land could be partitioned, and we will presume that his decree was founded upon sufficient evidence. Article 6111, Rev. Stats. 1911; Gorman v. Campbell (Tex. Civ. App.) 135 S. W. 177. No finding was asked by plaintiff in error on this subject.

[12, 13] Luttrell bound himself to pay a certain sum for the filling of the land and paid all of it except $1,000, which was an obligation standing against him, and plaintiff in error cannot resist payment of his part of the $1,000 on the ground that Luttrell will never pay it. The assignment of error which seeks to raise this point is not followed by a statement, and should not be considered.

[14] The twenty-third assignment of error assails the action of the court in permitting Luttrell to testify that it was necessary to fill the streets adjoining the property in controversy. No bill of exceptions was reserved to the admission of the testimony, and the assignment of error will not be considered.

The judgment will be reformed so that the amount recovered will bear interest only from the date of the judgment, and as reformed will be affirmed.

### On Motion for Rehearing.

[15] If the rights of Stringfellow were ascertained and his name was omitted from the judgment, as stated in the motion, by "a clear oversight," the district court had the right to remedy the oversight and render such judgment nunc pro tunc as should have been rendered. The original judgment clearly indicates that appellee dismissed as to all of the defendants except appellant, and that the name of Stringfellow was omitted by mistake. The findings of fact and law of the trial judge show that Stringfellow had no interest in the land. Plaintiff in error does not claim that he was in any manner affected by the omission of the name of Stringfellow, nor by the correction of the judgment afterwards. In the corrected judgment it is recited that the cause was dismissed as to Stringfellow, and that his name was omitted by mistake. Plaintiff in error does not dispute those facts. In his petition for writ of error and in his bond he did not deem the judgment of dismissal as to the parties of sufficient importance to mention it. It only became important when an attempt was made to use it in this court. The district judge had the power and authority to amend the judgment at any time

before final judgment in this court. Ramsey v. McCauley, 9 Tex. 106, 58 Am. Dec. 134; Blum v. Neilson, 59 Tex. 380; Hickey v. Behrens, 75 Tex. 488, 12 S. W. 679. The court could correct the judgment on his recollection that the cause was dismissed as to Stringfellow. Blum v. Neilson, before cited.

[16] No reference is made to a bill of exceptions in the twenty-third assignment of error, nor in the propositions and statement thereunder; and this court assumed, as it had the right to do, that there was no bill of exceptions. It is under no obligation to search through the statement of facts or other parts of the record to find bills of exception. Under the rules the court refused to consider the assignment. However, the record shows that Luttrell was permitted in his direct examination to testify fully as to the cost of filling the streets without objection on the part of plaintiff in error, and only on the redirect examination, after a full cross-examination, was any objection made to testimony about filling the streets, and that objection was only to a statement that the filling was necessary. To the answer of Luttrell that the property would be worthless without the street being filled he did not object because the matter was not pleaded, but because it was immaterial. That objection is not presented in the assignment of error.

The case of Gilroy v. Richards, 26 Tex. Civ. App. 355, 63 S. W. 664, decided by this court, has no applicability to the facts of this case. Luttrell was not claiming the whole of the land when the work was done on it. He claimed two-thirds of it.

*The motion for rehearing is overruled.*