HAMMOND v. HAMMOND.

No. 14801.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 1, 1946.

McLean & McLean and Robert Sansom, all of Fort Worth, for appellant.

Simon, Wynn, Sanders & Jones and Kenneth H. Jones, all of Fort Worth, for appellee.

HALL, Justice.

Appellant Nelle F. Hammond sued her husband J. G. Hammond for divorce in the District Court of Tarrant County. The trial was had before the court, who granted appellant a divorce, and among other things, ordered the homestead sold and the proceeds of said sale to pay the debts of the community estate. The court further appointed a receiver to sell the homestead and the community property. The custody of the minor daughter was awarded to the appellant, subject to hereinafter named restrictions.

In appellant's first point of error she challenges the right of the court in ordering the homestead sold, and if she be mistaken herein, she then in the alternative objects to the court having ordered the proceeds from the sale of the homestead to be applied to the payment of community debts other than those established against the homestead.

We find under the authorities and statutes that the trial court, while granting a divorce, has wide power and discretion in disposing of the property of the parties. Such authority is granted the court in order that a division of all the property between the parties may be made in such a way that it is just, fair and right. Art. 4638, R.C.S.1925. It is the settled law that the trial court's decision on such divisions of property between the parties in a divorce case will not be disturbed on appeal, unless it be shown that the trial court did abuse his discretion by making an unjust and unfair property settlement between the parties. Williams v. Williams, Tex.Civ.App., 171 S.W.2d 530; Hedtke v. Hedtke,

112 Tex. 404, 248 S.W. 21; Clark v. Clark, Tex.Civ.App., 35 S.W.2d 189; Hamm v. Hamm, Tex.Civ.App., 159 S.W.2d 183, and many others.

We have reviewed the testimony and find that the court did not abuse his discretion in ordering the homestead sold under the facts in this case. The homestead was purchased in June, 1941, for a total consideration of $15,000, with a down payment of $5,000 cash, leaving a purchase lien of $10,000. This loan was reduced $1,000 during the past 5 years. There were three payments due and unpaid at the time of the trial. There were approximately $1,400 due in back taxes. Both parties testified they had practically no income. The testimony further reveals that said property could be sold on present market for approximately $25,000.

The judgment recites in part the following pertaining to the future residence of the 8 year old daughter:

"* * * It appearing to the court that the plaintiff and the defendant have a daughter, Gayle Hammond, eight years of age, and the court having heard the evidence as to the surroundings and circumstances of said child and the financial circumstances, character and fitness of the parents, and their ability to support said child, is of the opinion that the best interests of the child will be served if she remains enrolled and in attendance at Our Lady of Victory School, a boarding school in Fort Worth, or some similar institution for the present, and that in the summer months the child should be sent to some well known camp for girls. * * *"

Since the court could have only awarded either spouse the possession of the homestead and not the title thereto, it would have left the property subject to being foreclosed, thereby jeopardizing the equities of both parties. Such authority to sell is found in the cases of Trigg v. Trigg, Tex.Sup., 18 S.W. 313, and Shook v. Shook, Tex.Civ.App., 145 S.W. 682.

We do find merit in appellant's alternative statement that the court erred in ordering the proceeds from the sale of the homestead to be applied to payment of community debts other than those debts

against the homestead. We therefore reform the judgment of the trial court in this respect, so that the judgment pertaining to the sale of the homestead shall read as follows: The proceeds from the sale of the homestead shall be applied first, to the payment of the purchase price lien and interest due thereon (if it is not sold subject to the lien), as well as taxes due and unpaid. The balance of the proceeds, if any, from the sale of the homestead shall be equally divided between the parties.

We see no error in the remaining portion of said judgment worthy of reversal of this cause, and the same is in all other respects affirmed.