The appeal is from a conviction for possessing liquor for the purpose of sale in a dry area, with a fine of $100.

When the case was called for trial appellant timely filed a motion to quash the complaint' and information on the alleged ground that same is too indefinite and uncertain and does not point out with sufficient certainty the county in which the offense is alleged to have been committed. The court properly overruled this motion.

After the trial and conviction, a motion in arrest of judgment was filed alleging that there is a variance between the complaint and information and that the complaint was not sworn to by anyone shown to have authority to do so.

The State's Attorney has filed a brief admitting error in that the complaint says it was sworn to and subscribed before B. P. Maddox, but does not show the authority of this person to so act. He cites Robertson v. State, 25 Tex.App. 529, 8 S.W. 659. This case seems to have been followed in a number of cases to the present time. See also Articles 220, 221 and 222, Vernon's Ann.C.C.P., and annotations thereunder.

It clearly appears that the affidavit is no affidavit at all, under the holdings of this court, and, therefore, the complaint is void. The judgment of the trial court is reversed and the prosecution is ordered dismissed.

HAWKINS, P. J., absent.

## EATON v. EATON.
### No. 12155.

Court of Civil Appeals of Texas.
Galveston.
Jan. 12, 1950.

L. R. Patton, of Galveston, for appellant.

Magee & Gernsbacher, of Galveston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant, Roland B. Eaton, for a divorce from his wife, Myrtle Eaton, on the grounds of such cruel treatment by her as to render their living together as husband and wife insupportable.

In her answer, appellee denied appellant's allegations of cruel treatment, and filed a cross-action in which she sought a divorce from appellant alleging as grounds therefor that for a long period of time appellant had pursued a course of harsh and unkind treatment toward her.

In a trial before the court, judgment was rendered dissolving the bonds of matrimony between the parties. The court found in the judgment rendered that the material allegations of appellee's cross-action were true. In a partition of the community property, the court awarded a bedroom suite to appellee and an automobile to appellant, conditioned that he pay certain installments due thereon. No request for findings of fact and conclusions of law were made by the parties or filed by the trial court, and no statement of the facts

adduced on the trial have been filed in this court.

Under his first and second points of appeal, appellant assigns error in the alleged action of the court in transferring the case from the 10th District Court of Galveston County to the 56th District Court of that county without an order of transfer and in the alleged action of the court in refusing the services of court reporter to appellant.

The transcript filed in this court discloses that judgment was rendered in this case on July 29, 1949, and that some two weeks later, on August 11, 1949, appellant filed a bill of exceptions to the action of the court in transferring the case to the 56th District Court. In his bill he is alleged to have requested the services of a court reporter.

In the absence of a statement of facts, there is no showing in the record that these matters were properly brought to the court's attention during the trial of the case at a time when the trial court could have corrected the alleged errors, and since neither points one or two were briefed by appellant, they will be considered by us as having been waived under Rule 418, Texas Rules of Civil Procedure.

Under his third point of appeal, appellant assigns error in the action of the trial court in refusing to adjust alleged inequities in the partition of the community property of the parties.

It is the settled law of this State that in a divorce case, the trial court is clothed with wide power and discretion in disposing of the property of the parties under Articles 4619 and 4638, Revised Civil Statutes of 1925, and that the trial court's decision in such divisions of property will not be disturbed on appeal, unless it is shown that the trial court did abuse his discretion by making an unjust and unfair settlement between the parties. Hammond v. Hammond, Tex.Civ.App., 197 S.W.2d 502; Hendrick v. Hendrick, Tex. Civ.App., 222 S.W.2d 281.

In the absence of a showing of an abuse of discretion by the trial court, this contention of appellant cannot be sustained.

It follows that the judgment of the trial court must be in all things affirmed.

Affirmed.