**Faye Dixie McCART, Appellant.**

v.

**Homer C. McCART, Appellee.**

**No. 15576.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 21, 1955.

Rehearing Denied Feb. 18, 1955.

Stone, Agerton, Parker & Kerr and Walter E. Jordan, Fort Worth, for appellant.

Hill & Paddock and Homa S. Hill, Fort Worth, for appellee.

BOYD, Justice.

Appellant Faye Dixie McCart filed this suit against appellee Homer C. McCart for divorce, for debt in the amount of $3,080.92, and for division of personal property. Trial was to the court and judgment was for appellant for divorce, for debt in the sum of $1,700, for certain personal property, and for costs of suit.

Appellant has three points of error, but in substance her complaint is that the court erred in failing to render judgment for her for debt in the amount of $2,964.07 instead of for only $1,700.

At appellant's request, the court filed findings of fact and conclusions of law. The findings which we think are material to this appeal are: that appellee borrowed from and promised to repay appellant $1,700; that appellee pledged two diamond rings to appellant as security for the $1,700 loan; that appellant is entitled to a foreclosure of her lien on said rings; that from the sale of the homestead of the parties, which was appellee's separate property, appellant received $7,000, of which sum $5,000 was "partly a gift from the defendant and a portion thereof was the repayment by the defendant of a loan from the separate property of the plaintiff;" that $2,000 of said $7,000 was delivered to appellant for the use and benefit of both parties, and was at all times the separate property of appellee; that if said $2,000 was not the separate property of appellee, all sums delivered by appellant to appellee, other than the $1,700 loan, were voluntary gifts by appellant to appellee for appellant's own use and benefit, or for the parties' joint use and benefit; that appellant made no loan to appellee other than the said $1,700, and that there was no agreement, express or implied, on the part of appellee to repay appellant any sum other than the $1,700; that all of the money for which appellant sues, other than the $1,700 loan, was delivered by appellant to appellee voluntarily and was used for appellant's benefit or for the joint benefit of both parties, at her instance or with her knowledge, consent or approval.

Fact finding No. 11 was in part, as follows: "Taking into consideration all the facts and circumstances surrounding the parties, the property held by each, the fact that plaintiff had $3,600.00 in cash at the time of separation and $3,000.00 at the time of trial, that she has some separate property as stated above, that plaintiff is awarded $1,700.00 together with the security of 2 diamond rings, that defendant is obligated

to pay substantial community debts of approximately $3,895.00 and that his separate property has been used up for the joint use and benefit of plaintiff and himself, * * * I find * * * that the judgment heretofore rendered * * * is fair, equitable and just to both parties."

Article 4638, Vernon's Ann.Tex.Civ.St., provides: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate." There is no child of this marriage.

■ Under the statute, the estate subject to division includes all property of the parties, whether community or separate. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21. The trial court is given wide discretion in disposing of the property, and its decision will not be disturbed on appeal unless it is shown that the court abused its discretion by making an unfair and unjust settlement between the parties. Eaton v. Eaton, Tex.Civ.App., 226 S.W.2d 644; Hammond v. Hammond, Tex.Civ.App., 197 S.W.2d 502; Hendrick v. Hendrick, Tex. Civ.App., 222 S.W.2d 281. We do not think the judgment shows any abuse of judicial discretion.

■ Appellant's point that it was error to overrule her objection to the introduction of testimony in regard to the $7,000 paid to appellant by appellee at the time of the sale of the homestead is overruled. We think the facts surrounding that transaction were proper evidence to be considered by the court in making a fair and equitable settlement of the property rights.

■ Point two is that the court erred in finding as a fact that $2,000 of the $7,000 delivered to appellant at the time of the sale of the homestead was delivered to appellant for the use and benefit of appellant and appellee, and was the separate property of appellee. We do not determine whether the finding that such fund was the separate property of appellee is a finding of fact or a conclusion of law. The court found that if that fund was not the separate property of appellee, the settlement of the property rights, under all the circumstances surrounding the parties, was fair and equitable. Whether that item was or was not "at all times" the separate property of appellee is not, we think, determinative of the court's power to make the settlement reflected by the judgment, or of the question as to whether the settlement actually made is fair and just. This point is overruled.

■ The other point is that the court erred in holding that of the total sum of $2,964.07 "admittedly advanced to appellee by appellant out of her separate funds," she was entitled to reimbursement of only $1,700. What we have said relative to point two is applicable here. The evidence supports appellant's contention that during the period of time from the sale of the homestead to trial, appellant "loaned or advanced" to appellee the total sum of $2,-964.07, represented by personal checks signed by appellant and payable to appellee, or to creditors of the community estate, or to creditors of appellee alone. However, the court found that other than some personal property as to the disposition of which there is no complaint, $1,000 of the sale price of the homestead that had not been paid, approximately $175 equity in insurance policies on appellee's life, and $35 in cash, appellee's separate property had been "used up for the joint use and benefit" of the parties. We have carefully considered all the evidence and believe it fairly supports the court's findings. This point is also overruled.

Finding no error in the record, the judgment is affirmed.