Dora C. ALLEN, Appellant,

v.

Bedford E. ALLEN, Appellee.

No. 14010.

Court of Civil Appeals of Texas.

Houston.

Dec. 6, 1962.

Gerald S. Gordon, Houston, for appellant.

R. Shearn Smith, Houston, for appellee.

WERLEIN, Justice.

The trial court decreed a divorce in favor of appellant and awarded to her custody of the minor child, child support, and the use of the home until the minor child reaches the age of 18. Appellant has not appealed from such provisions of the decree, but complains of the court's failure to adjudicate her community interest in railroad retirement benefits, the court's denial of attorney's fees, and the court's alleged errors in several other respects.

The evidence with respect to the railroad retirement benefits of appellee is quite meager. There is evidence that appellant and appellee were married in November, 1936 and separated March 7, 1961. Appellee's average gross earnings were approximately $450.00 per month plus an allowance for gas and oil for his car. The evidence also shows that he had worked for the railroad for some thirty-odd years, but he did not know what his benefits amounted to and no evidence was introduced concerning the same, other than appellee's testimony that he would receive "so much a month" when he retired.

There is no mention of railroad retirement benefits in the inventory of property filed by appellant or in the inventory filed by appellee, or in the decree of the court granting the divorce and dividing the property, or in the court's findings of fact and conclusions of law. In the court's additional findings of fact and conclusions of law made on request of appellant, the court stated: "Due to the insufficiency of the

evidence as to the status of a railroad retirement benefit, the Court made no findings concerning the same."

■ There is nothing in the record to show that appellant excepted to such finding nor is there anything in the record to show that appellant excepted to any of the orders of the court made with respect to the production in court of records of the parties. The court made no specific order requiring appellee to produce any record in connection with railroad retirement benefits. Appellant filed a motion on January 11, 1962 asking the court to reopen the case and to require appellee to produce a complete statement from the Railroad Retirement Board of all his accrued rights and benefits under the Railroad Retirement Act. Pursuant to such motion the court ordered the hearing for January 17, 1962. It is not shown anywhere in the record that such hearing was had nor does it appear why such hearing was not had. There is no bill of exception with respect to such matter and nothing is brought forward in the record preserving any error in such connection, if such there was. We think there was no error in the court's failure to make any findings of fact concerning railroad retirement benefits.

■■ This Court may take judicial notice of the Railroad Retirement Act of 1937, as amended, 45 U.S.C.A. § 228a et seq.; and of the fact that railroad employees and their employers share the cost of employees' retirement benefits. The fact that appellee's employer made deductions from appellee's earnings belonging to the community does not establish, as appellant asserts, that there was any accumulated community property right in railroad retirement benefits susceptible of division when the divorce was granted.

Section 228*l* of the Retirement Act, which is controlling, provides:

"Notwithstanding any other law of the United States, or of any State, Territory, or the District of Columbia, no annuity or pension payment shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated."

■ It is our view that the trial court had no power to divide any anticipated future railroad retirement benefits or to give appellant any interest therein, and that the court did not err in failing to make a disposition thereof.

In Commonwealth v. Berfield, 160 Pa. Super. 438, 51 A.2d 523, the court said:

"The general language of the provision exempting the annuity or pension from 'attachment, or other legal process *under any circumstances whatsoever*' (emphasis added) bars a wife from looking to a fund though earmarked for the payment of an annuity to her husband. Under this Act of Congress funds supplied by railroads and their employees are paid into the United States Treasury. Through an administrative agency of government a railroad employee on retirement is entitled to receive from the treasury an annuity based upon his and his employer's contributions to the fund."

It is true that in several jurisdictions, courts have held that where railroad retirement annuities or pensions have matured and are being paid to a retired employee, the court may consider such payments as income of the employee in determining the amount of alimony that should be paid a divorced wife. Heuchan v. Heuchan, 1951, 38 Wash.2d 207, 228 P.2d 470, 22 A.L.R.2d 1410, and annotations; Commonwealth v. Berfield, supra. We have neither found nor been cited to any case in which a court has undertaken to apportion or divide a railroad retirement benefit that has not matured and is not being paid in the form of an annuity or pension.

■ Berg v. Berg, Tex.Civ.App., 115 S.W.2d 1171, writ dism., is distinguishable from the instant case. In that case the employee had retired and was receiving a monthly annuity when the divorce was granted. The court merely awarded the needy wife a portion of the payments being made and secured the payment thereof by a lien on the husband's separate estate. The case does not hold that the court may make an award of an annuity which an employee may receive at some indefinite period in the future. When such payments are finally made, they will in effect be paid in lieu of the husband's earnings when he is no longer gainfully employed. Such payments which will be made in the form of monthly annuities or pensions are not property or "the estate of the parties" within the meaning of Article 4638, Vernon's Annotated Civil Statutes, any more than future wages which might be received by an employee are property subject to division. McBride v. McBride, Tex.Civ. App., 256 S.W.2d 250. Moreover, an examination of Section 228b and the other sections of the Act clearly show that such Act provides definitely and in detail the conditions under which retirement payments will be made and to whom they are payable. No provision is made for a divorced spouse. The supremacy of this Act of Congress over State law must be recognized.

■ As set out in the complicated provisions of Section 228b of the Railroad Retirement Act, the spouse of a retired annuitant or pensioner may also receive an annuity or pension. The act provides, however, "Such spouse's annuity shall cease at the end of the month preceding the month in which (i) the spouse or the individual dies, (ii) the spouse and the individual are absolutely divorced * * *." It is our view that such provision indicates the Congressional intent and that the divorced wife also has no claim to retirement benefits of her divorced husband which have not matured and are not being paid, although

earmarked for payment to him after he has retired and his earnings have ceased. In our opinion, the future annuities that may be paid are in the nature of Social Security payments and are no more subject to division than are future Social Security payments. Although the court made no findings relative to railroad retirement benefits and did not state that it was considering the retirement benefits which appellee might receive in the future, or the Social Security benefits of appellant which she might receive in the future, there is nothing to show that the court, which had knowledge of both such future benefits, did not take them into consideration in dividing the community estate.

The court decreed that appellee contribute to the support and maintenance of the minor, Douglas Earl Allen, then 11 years of age, until such minor reaches 18 years of age, the sum of $100.00 per month in semi-monthly payments of $50.00 each, through the Harris County Probation office, and that the home place, known as 7337 Oak Hill Drive, Houston, being Lot 40 in Block 1 of Oak Plaza, Section 1, an Addition to Harris County, Texas, be set aside unto appellant for the use and benefit of appellant and the minor until he reaches the age of 18. The court ordered that certain personal property be set aside to the minor child as his separate property. The court then decreed to appellant and appellee, equally, all the remainder of the community property, both real and personal, as shown in the inventory on file, and that $1,000.00 debt owed the community estate by Texas Gulf Trust Company as stipulated by the parties.

We think the trial court, in its judgment, erred in referring to the $1,000.00 debt as being owed the community estate by Texas Gulf Trust Company as stipulated by the parties. There is no such stipulation in the record. Moreover, the undisputed evidence shows that such amount was repaid to appellant by said company and that $600.00 of it was returned by her to the savings

account from which it was drawn and the balance was probably used for living expenses.

There is no merit in appellant's contention that the trial court erred in failing to spell out with greater particularity who would take care of repairs, taxes, and payments on the home. The court in its additional findings and conclusions stated:

"The equity of the parties in the property known as Lot 40 in Block 1 of Oak Plaza, Section 1, an addition to Harris County, Texas, was awarded to the Cross-Plaintiff and Cross-Defendant and each given an undivided one-half interest therein as of February 27, 1962."

This means that subject to the right in appellant to use the home for herself and the minor, as hereinabove stated, the home, like all the other property, is decreed to both appellant and appellee, equally, share and share alike. Appellant and appellee are cotenants or joint owners of the home and the other real estate, and their rights inter se are governed by the law applicable to joint owners of realty. The care and upkeep of the property rests upon them collectively, so that if one makes an outlay for the necessary or proper preservation of the common property he or she would be entitled to be reimbursed by the other, and equity would give the one making such outlay a lien to enforce repayment. Schluter v. Sell, Tex.Civ.App., 194 S.W.2d 125; Putty v. Putty, Tex.Civ.App., 6 S.W.2d 136; Gray v. Taylor, Tex.Civ.App., 138 S.W.2d 891, Dism., Judgment correct; Gilroy v. Richards, 26 Tex.Civ.App. 355, 63 S.W. 664; 15 Tex.Jur.2d, p. 169, Cotenancy, § 12.

The $1,253.00 which appellant contends appellee secreted, and which amount had been drawn out by appellee from bank accounts, and allegedly not included in the inventory, was accounted for by appellee who testified he had paid community debts with such money. The trial court's finding that he had paid community debts with such money finds support in the evidence. Such finding was not excepted to.

We cannot say that the trial court erred and abused its discretion in failing and refusing to award appellant a reasonable attorney's fee in the sum of $750.00. With respect to such matter, the court in its additional findings and conclusions stated: "Due to the relative income and ability to pay of the Cross-Plaintiff and Cross-Defendant the Court declined to order the Cross-Defendant to pay attorney's fees for the Cross-Plaintiff."

The court in its original findings of fact stated: "That Dora C. Allen has been working regularly for a number of years and is permanently employed, and has a greater take home pay than Bedford E. Allen."

Appellant failed to show any need or necessity for an allowance of attorney's fees for the protection of her rights. In Carle v. Carle, 1950, 149 Tex. 469, 234 S.W. 2d 1002, our Supreme Court stated: "The attorney's fee is but a factor to be considered by the court in making an equitable division of the estate, considering the conditions and needs of the parties and all of the surrounding circumstances."

The law is well settled in this State that in a divorce case the trial court is clothed with wide power and discretion in disposing of the community property of the parties, and the court's division will not be disturbed on appeal unless it is shown that the trial court abused its discretion by making an unjust and unfair settlement between the parties. Eaton v. Eaton, Tex.Civ.App., 226 S.W.2d 644. The law is also well settled that in making the division the court may consider the disparity in the earning power of the parties, their business opportunities, capacities and abilities. Stanley v. Stanley, 1956, Tex.Civ. App., 294 S.W.2d 132, writ ref., n. r. e.; Venezia v. Venezia, Tex.Civ.App., 227

S.W.2d 881, and authorities cited; Earnest v. Earnest, Tex.Civ.App., 223 S.W.2d 681.

The judgment of the Trial Court is reformed by deleting therefrom the phrase, "and that $1,000.00 debt owed the community estate by Texas Gulf Trust Company as stipulated by the parties herein," and, as reformed, is affirmed.