EDWARD RICE V. CAROLINE E. RICE.

Improvements made after marriage, on land which is the separate property of the husband or wife, are to be accounted for as community property, unless it be proved that they were made with the separate means of one of the partners.

It is no objection to an issue submitted by the Court to the jury, that it is a mixed issue of law and fact; such are the issues in all cases of a general verdict.

It would seem that buildings erected by the joint labors or funds, upon the separate property of one of the spouses, being fixtures, attached to the soil, and in the nature of things, not divisible in specie, where one of the joint owners has no interest in the land, it follows that such buildings rest in the owner of the land, and that the community estate must be reimbursed for their cost.

See this case as to the submission of issues made up by the Court; and to the point that where an essential issue was omitted, it might be submitted to another jury, without disturbing the verdict on those submitted.

See this case for a decree which was construed to take the custody of children from their parents and give it to their grandfather; which it was held the Court could lawfully do.

Where a divorce is granted, the Court has authority not merely to partition the separate from the community property, and to divide the latter; but, in cases where the circumstances require it, to place the whole of the property, both separate and community, in the hands of a trustee, to be under the supervision of the Court, for the support and education of minor children; provided that the title of either party, to real estate or slaves, shall not be divested.

See this case as to the question of homestead, in connection with divorce, and the power of the Court to make disposition of the property of the parties.

Appeal from Liberty. Tried below before the Hon. James M. Maxcy.

Suit by appellant against appellee for divorce, commenced September 8th, 1856. The petition after alleging the marriage of plaintiff and defendant in 1850, alleged that defendant had treated plaintiff " in a most cruel and outrageous manner," to-

wit : about the month of June, 1856, your petitioner was in his bed and very feeble from the effects of a severe spell of sickness, when the said Caroline E., his wife, came into his room with a stick and a knife, and beat and bruised him in a cruel and outrageous manner, and threatened to take his life with the knife ; that shortly afterwards while he was still very feeble and much debilitated, she came into his room with a stick, locked the door after her, and commenced beating your petitioner with the stick in such a cruel and outrageous manner that he believes she would have killed him had it not have been for the timely interposition of one of his neighbors, for whom he had dispatched a little negro ; that sometime about June of the present year, she took a hatchet and ran after your petitioner through the house and yard, threatening to split his scull open with it ; that since that time, about August, she followed your petitioner with a stick, and before he was aware of her intention, she beat and bruised him in a cruel and outrageous manner ; together with a great many other cruelties, outrages and excesses, since and before those specified above, she has been guilty of towards your petitioner, so as to render their living together as husband and wife, insupportable and unbearable ; that he has tried every means in his power to check her cruel and outrageous impetuosities, so that they might live agreeably together ; but that he finds it an impossibility ; that there are two children, the result of said marriage, Mary Jane, aged about five years, and Robert, about three years, and that the said Caroline E. Rice, from her reckless and imprudent habits, is incapable of raising said children in a respectable and decent manner, &c.

Answer by defendant, denying all allegations not afterwards admitted, and proceeding as follows :

This respondent admits that there are two children, the result of her marriage with said plaintiff, to-wit : Mary Jane aged about five years, and Robert aged about three years.

This respondent says, that from the tender age of said children they require that attention and care which a mother only could give them. She avers that said plaintiff is wholly incapable of bestowing such care and attention upon said children, as their years require; and especially so, in consequence of the dissipated character and habitual intoxication of which the said plaintiff is and for a long time has been guilty. This defendant further says, that said plaintiff has driven her from her home, and refused her the protection and support which as a faithful husband he should have extended to her; that in consequence of his conduct, cruelty and outrages, she has been compelled to seek a home and refuge at the house of her father, William J. Mills, and petitioner says that in consequence of said outrages and excesses, their living together is insupportable; and she prays by way of cross petition, that she and the said plaintiff be divorced from the bonds of matrimony; that the custody and guardianship of her said children may be decreed to her, or in case the Court should deem it expedient and proper to give the custody and guardianship of said children to any other person than herself, that the same shall be given to her said father, in whose house they with respondent are now living. That said William J. Mills is a prudent, discreet and moral man and in every way qualified to discharge in a faithful and fatherly manner said trust.

Petitioner avers that the following property is held in common between herself and said defendant, to-wit: Inner lots Nos. 1, 2 and 3 in Block No. 29, in the town of Liberty, Liberty county, upon which their homestead and domicile is situated; and inner lot No. 4 in Block No. 18, in said town of Liberty; that said last mentioned lot is of small value; that she is without means for the support of herself and children. She prays the Court, in case a decree of divorce should be granted, to set aside said homestead and domicile for the use of herself and children.

Reply by plaintiff, alleging that lots 1, 2 and 3, mentioned in defendant's answer, were the separate property of the plaintiff, owned by him before the marriage; and that the east half of lot No. 4, with the improvements thereon, was the only community property of the parties; and plaintiff prayed a partition of it.

Amendment of answer, alleging that all the improvements on lots 1, 2 and 3, were put thereon since the marriage; and that said lots and improvements were common property.

At the Fall Term, 1856, the whole case was submitted to a jury, who returned a verdict to the effect that the allegations in the petition were sustained fully, and that lots 1, 2 and 3 in Block 29, were the separate property of the plaintiff. Whereupon the Court rendered judgment dissolving the bonds of matrimony between the parties; awarding the custody and education of the children to the defendant; " and the defendant having filed a motion to set aside so much of the verdict as related to the property mentioned therein, the same, after argument of counsel thereon, is set aside, and a new trial awarded upon the issues in relation to the property mentioned in the pleadings." The entry also appointed appraisers to return an inventory.

Inventory returned, lots 1, 2 and 3 in Block 29 in town of Liberty and improvements $1350; one-half of lot 4 in Block 18, with improvements, in possession of E. Rice on the — day of ———, 1856, but since sold under execution as the property of E. Rice, $205 00; articles of household furniture valued at $127·50.

Amendment of answer admitting that lots 1, 2 and 3 were the separate property of the plaintiff, but alleging that the improvements thereon, consisting of a dwelling house and other improvements, were made after the marriage; that the dwelling house was worth $1200, and the other improvements worth $200; that said property had always been occupied as

the homestead of the plaintiff and defendant since the marriage ; that the plaintiff owned no other property except the property mentioned in the inventory ; that so much thereof as belonged to the community was insufficient to support the children which had been assigned to defendant ; that the lots 1, 2 and 3 with the improvements thereon would rent for $15 per month.   Defendant asked such order in relation to the property as she was entitled to in law and equity,' and that if necessary a trustee be appointed, to hold and manage it, paying the proceeds thereof to the said E. Rice and Caroline for herself and for the said children, in such proportions as the Court may direct, &c.

Amendment of petition, alleging that no improvements had been made upon lots 1, 2 and 3, since the marriage except the dwelling house ; that at the time of the marriage there was a dwelling house upon said lots, which was occupied by the parties as their homestead, until the year 1856, when defendant sold said house and appropriated the proceeds of the sale to the erection of the new one ; that any excess in the cost of the new one over the price for which the old one was sold, was paid by plaintiff out of his separate funds. .

The cause was called for trial at Spring Term, 1857, and the jury being impannelled, the Court submitted to them the following issue ; " Are the improvements on lots Nos. 1, 2 and 3, in Block No. 29, together with the household and kitchen furniture, the common property of plaintiff and defendant ? If Aye, or No, so say by your verdict."   The evidence was to the effect that plaintiff owned the lots at the time of the marriage ; that there was then a dwelling house and some other improvements thereon ; that the plaintiff, at same time was doing a thriving business at Liberty as a merchant, in a moderate way ; that afterwards he began to go down and finally stopped ; that at one time since the marriage his stock had been larger than at any time previous ; and there was some

Rice v. Rice.

evidence that about that time W. J. Mills, the father of defendant, had endorsed for plaintiff. to enable him to increase his stock ; it did not appear with what funds the new house was built ; but it was proved that defendant had no separate property. Plaintiff had continued to occupy the lots 1, 2 and 3 as his homestead ; but the children were with their mother at the house of her father's.

The Court instructed the jury as follows :

Everything purchased or acquired during marriage, except such property as was acquired by gift, devise, or descent, whether before or after marriage, whether the purchase was made with the capital of the community or with that of either of the married parties, whether in the name of both, or one only, is common property. To produce an exception to this general rule—that property acquired during the marriage by purchase or by a change of property is common property—it must be established by certain and positive proof that the property acquired was with the separate means of one of the parties ; otherwise the presumption that it is common property, remains in full force, unimpaired.

If the jury believe from the evidence, that the house erected on the lots Nos. 1, 2 and 3 and the household and kitchen furniture, was erected and acquired during the marriage, the presumption is raised that it is community property ; and plaintiff must show by proof, that the house erected and furniture acquired during the marriage, was erected and acquired by the separate funds of Rice. If the jury so believe they will find the issue in the affirmative, if not they will find in the negative.

The jury returned a verdict "yes." Whereupon judgment was rendered, that the lots 1, 2 and 3 were separate property of the plaintiff ; that the house and improvements thereon, and the household furniture, were common property ; and "It is further ordered, adjudged and decreed, that William J.

Mills be appointed receiver to take charge of said common property herein mentioned, and manage it to the best advantage ; to rent or lease the house and said improvements, and the net proceeds from the use of said common property shall be applied to the support, education and maintainance of the minors Mary Jane Rice and Robert Rice, children of the said plaintiff and defendant ; that said Wm. J. Mills be required to give his bond, payable to Edward Rice and Caroline Rice, in the sum of twelve hundred dollars, and file the same with the Clerk of the District Court, conditioned that he will faithfully perform the trust herein confided, and apply the use of said commmon property to the support, maintenance and education of said children, and that he shall be under the supervision of the Court, and orders may from time to time be made to carry into effect the objects of their decree.

Motion for new trial overruled, &c.

*E. B. Pickett*, for appellant. I. It is submitted that the Court below erred in making up an issue of its own, and submitting it to the jury. The pleadings furnish the issues.

II. The issue submitted was an issue of law, and not an issue of fact.

III. The charge of the Court, so far as it related to the house and improvements on lots 1, 2 and 3, was clearly erroneous. By the Common Law, fixtures upon real property are part of the realty. The Common Law is in force here. There is nothing in our law of marital rights in conflict with this principle of the Common Law. On the contrary our Statute strengthens it. (See Hart. Dig. Art. 2421.) It declares that the increase of lands, the separate property of husband or wife, shall be separate property. That is the increase of land ? The only natural construction I can give is, that it means addition to lands by artificial means.

IV. It is submitted that " yes " was not a verdict, upon which any judgment could be rendered.

V.   It was error to decree the lots to Rice and the house and improvements to a trustee.   If the defendant in error had any interest in the improvements, it could only be accorded to her by decreeing that plaintiff pay over to her the amount of her interest, or possibly by decreeing the property to be sold.   If the law justified the decreeing the improvements to a trustee, the lots should have followed them.

VI.   It was error to take from plaintiff his homestead ; to strip him of all his property.   No authority can be found going to this extent.   None of the circumstances exist in this case, which would justify the Court in interposing and taking from plaintiff his property and placing it in the hands of a trustee.   (Byrne v. Byrne, 3 Tex. R. 336.)   This case is distinguished from that of Fitts v. Fitts, (14 Tex. R. 443,) in all its leading features.

*C. L. Cleveland*, for appellee.   I.   It was the province of the Court " to make up an issue for the jury."   The issue made up, was the only issue presented by the pleadings.   The divorce and custody of the children had been determined.

II.   The issue submitted was an issue of law and fact, as are all issues submitted to a jury for a general verdict.   The jury determine the question, receiving the law from the Court, and the evidence from the witnesses.

III.   Taking the whole charge together, there was no error in it.

IV.   The verdict was responsive to the issue, definite and certain ; and was manifestly right.

V.   Appellant has no cause to complain of the judgment. If it were his separate property, every whit of it, the Court could. in justice to the children, have done no less than to have decreed them a support out of it.   (Fitts v. Fitts, 14 Tex. R. 443.)   The judgment was more favorable to appellant than it should have been.   The wife seems to have been forgotton entirely..   But of this she has not complained.

HEMPHILL, CH. J. There is no appeal from the decree for divorce. The question at issue is in relation to the property. The lots one, two and three are admitted to belong separately to the husband, but the improvements made upon them after the marriage, and the household and kitchen furniture, were claimed by the wife, and found by the jury to be community property. The charge of the Court was with reference to this issue; and, considered, as a whole, was substantially a correct exposition of the law. Its substance was, that all onerous acquisitions, after the marriage were common, unless it was proven that they were procured by the separate means of one of the partners; and after thus stating the legal conclusion on a given hypothesis of facts, he required the jury to apply the law to the facts of the case in evidence, and to say by their verdict whether the improvements, &c., did or did not belong to the community. It was certainly within the province of the jury to determine from the facts, under the instructions of the Court as to the law, what was the *status* of the property; or whether it belonged to the husband, to the wife, or to the community. This power they exercise in every trial of the right of property; and in fact, in all cases of a general verdict; this being the conclusion from both the law and the facts of the case.

But the verdict, so far as it finds the improvements on the lots to be community property, is correct only in a modified sense. They are fixtures, attached to the soil, and cannot in the nature of things be divisible in specie, where one of the joint owners has no interest in the land upon which they have been erected. Hence results the rule, that the community estate must be reimbursed for the cost of buildings erected, by joint labors or funds, upon the separate property of one of the spouses; and, in effect, this vests the improvement in that spouse, and entitles the other to one-half of the cost. This was the positive rule under the Spanish Code; and such is

Rice v. Rice.

the condition and circumstances of this property, that it is divisible only in money, and not in kind. (Schmidt's Law of Spain and Mexico, p. 13 ; 1 White, p. 62.)

The verdict of the jury, that the improvements are com_munity, need not be disturbed ; and further proceedings, if deemed advisable, may be had to ascertain the cost of the buildings.

The only question which remains is as to the custody of the children, and the division, or rather disposition, of the estate of the parties. The evidence which was adduced on the issue of divorce is not in the record. There is no evidence, or at least not all of the evidence, to show the grounds upon which the custody of the children was first taken from the father, and in the second place from the mother, and given to her father—the grandfather of the children. The Court had authority to remove the children from the custody or guardianship of both of the parents. The benefit of the child, which is the highest consideration, may require this removal. The interests of children, and of the public, in their morals and education, are superior to the claims of parents ; and the latter must yield when they come in conflict. We must presume that there was no error, and the Court adjudged rightly in awarding to the grandfather the care, management and education of the children.

The principal difficulty, in the cause, is with regard to the disposition of the property. Under the supposition that the improvements were of the community, the Court directed the receiver to take charge of them, manage, rent or lease them to the best advantage, and apply the proceeds to the education, maintainance of the minors, &c. There is an incongruity in this mode of proceeding, which is not easily reconciled. The land belongs to the husband ; and there is an apparent, if not a real incompatibility, between the rights of the owner of the soil and one who claims to enjoy, use and control the improvements, but without any right, interest or control over the land.

By Statute, the Court shall, in cases of divorce, decree such division of the estate of the parties, as to them shall seem just and right, having due regard to the rights of each party and of their children, provided that neither party shall be compelled to divest him or herself of the title to real estate or slaves. (Art. 849, Hart. Dig.) Under the ample discretion vested in Courts by this Section, the decree in substance, and its intended effect, may be maintained. The division of the estate is to be made by the Court, in such way as may seem just and right, not only to the parties but to the children.

The property in this case is but small in amount; not at all sufficient to maintain the parents and children, or even the children separately. The Court has, in substance, adjudged, or intended to adjudge, that the proceeds of the whole property should be applied to the benefit of the minors.

If these children had been entrusted to the father, he would have been bound for their maintainance; if to the mother, the funds, if there be any, must have been furnished by the father for their support; and when given to a guardian, it is but reasonable that such disposition should be made of the estate of both father and mother, as may be sufficient for their maintainance, education, &c. The reasons why those who have brought children into the world, should support and protect them in their helplessness and infancy, will suggest themselves to every mind. They are enforced by instinct, and by laws human and divine. In making the division of the property, Courts must protect the children, as well as the parents, from injustice. The Court below seems to have acted on the supposition that the community property could alone be set apart for the benefit of the minors. But this is a mistaken view of the law. The provision about the division of the estate of the parties is found in Statutes where community property is unknown. (Fitts v. Fitts, 14 Tex. R. 443.) The

separate property may be divided in cases of necessity ; or
the whole, both separate and community, may be kept together,
as in this case, for the benefit of the children ; but the decree
must not divest either party of their title in the lands or slaves.
It will be no breach of the Statute to decree the use of pro-
perty, for some period, to the use of the children, reserving
the fee of the property in the husband, to be enjoyed by him
after the expiration of the trust estate for the children.

The wife does not complain of the decree, as to her com-
munity rights.   But the Court can adjust the rights of the
parties as may be most equitable.

· It is ordered that the judgment be reversed, and that the
cause be remanded with direction to enter a decree in con-
formity with this Opinion, and so as to adjudge the use of the
whole of the property for the education and support of the
minors, with reservation of the fee of the husband ; and, of
course, with the usual orders that the receiver or trustee shall
be under the supervision of the Court, and its orders made
from time to time.

Reversed and remanded.