### J. C. Hedtke v. Lena Hedtke.

No. 3332. Decided February 14, 1923.

(248 S. W., 21.)

1.—Divorce—Division of Property—Homestead for Wife—Husband's Separate Estate.

The court, in decreeing a divorce at suit of the wife which awarded her custody of minor children, was authorized, by article 4634, Revised Statutes, to award the wife and minor children the use as a homestead of land, the separate property of the husband, for the natural life of the wife. (pp. 406-411).

2.—Statutory Construction.

Revised Statutes, article 4634, should be given the construction and effect applied to the same language contained in former statutes by the decisions of the Supreme Court thereon. Hartley's Dig., art. 849; Fitts v. Fitts. 14 Texas, 450; Rice v. Rice, 21 Texas, 58. (pp. 409-411).

**3.—Divorce—Providing for Rights of All Parties.**

The estate subject to division on divorce included all property of the parties, whether community or separate, provided neither be divested of title to real estate, and having due regard to the rights of each party and of the children. The income of the husband's property during the marriage was subject to a charge for the maintenance of the wife and minor children, not to be lifted therefrom by his unfaithfulness. The revenues of real estate belonging to either or both spouses may be subjected to the support of either or both of them, or to the education and support of the children. The discretion of the court in such matter is to be reviewed only when it has been abused; and no abuse appears from awarding the wife and children homestead rights in the husband's separate estate. (pp. 410, 411).

**4.—Cases Discussed.**

Fitts v. Fitts, 14 Texas, 450; Rice v. Rice, 21 Texas, 58; Simmons v. Simmons, 23 Texas, 348; Gulley v. Gulley, 111 Texas 238; Pape v. Pape, 35 S. W., 480; Kirkwood v. Domnau, 80 Texas, 647; 102 Texas, 454; approved and followed. Bahn v. Starcke, 89 Texas, 208, distinguished. (pp. 409-411).

Questions certified from the Court of Civil Appeals for the First District, in an appeal from DeWitt County.

*J. F. Murray* and *Davidson & Bailey*, for appellant.

The court pronouncing a decree of divorce may also order a division of the estate of the parties to the litigation in such a way as to the court may seem just and right, having due regard to the rights of each party and their children, if any; provided that neither party shall be compelled to divest himself or herself of the title to real estate: and, provided also that the separate property of neither party can be condemned for the maintenance of the minor children of the parties during *the natural life* of such party to whom the custody of the minor children is awarded; but, if such separate real property of either party to the litigation is set aside by the court for the maintenance and education of the minor children, it should be placed in the hands of a trustee appointed by the trial court to be held for the benefit of such minor children and *subject to the orders of the court, until such minor children die, marry or arrive at the age of maturity.* Sayles Civil Statutes Title 68, chapter 4, Art. 4634; Fitts v. Fitts, 14 Texas, 445; Rice v. Rice, 21 Texas, 66; Barry v. Barry, 131 S. W., 1143; Trimble v. Trimble, 15 Texas, 20; Bond v. Bond, 41 Texas Civ. App., 129, 90 S. W., 1128; Pape v. Pape, 35 S. W., 479; Bemus v. Bemus, 133 S. W., 503; Plummer v. Plummer, 154 S. W., 597; Gulley v. Gulley, 111 Texas, 238, 184 S. W., 555; Bahn v. Starcke, 89 Texas, 208; Jones v. Jones, 41 S. W., 413; Simmons v. Simmons, 23 Texas, 345; Craig v. Craig, 31 Texas, 204; Speer's Law of Marital Rights; p. 714, Art. 552; Hall v. Fields, 81 Texas, 553.

While in divorce proceedings, and when a divorce is granted, the Court in making disposition of the property involved in such pro-

ceedings, may unquestionably fix homestead rights in favor of either spouse, under proper conditions, in their *community real property,* such is not true as to the *separate real property of either spouse, in favor of the other.* Sayles Civil Statutes, Title 68, Chapter 4, Art. 4634; Fitts v. Fitts, 14 Texas, 445; Rice v. Rice, 21 Texas, 66; Trimble v. Trimble, 15 Texas 20; Bond v. Bond, 41 Texas Civ. App., 129, 90 S. W., 1028; Pape v. Pape, 35 S. W., 479; Bemus v. Bemus, 133 S. W., 503; Plummer v. Plummer, 154 S. W., 597; Gulley v. Gulley, 111 Texas, 238, 184 S. W., 555; Bahn v. Starcke, 89 Texas, 208; Jones v. Jones, 41 S. W., 413; Simmons v. Simmons, 23 Texas, 345; Craig v. Craig, 31 Texas, 204; Speer's Law of Marital Rights, p. 714. Art. 552; Phillips v. Phillips, 203 S. W., 74.

*Crain & Hartman,* for appellee.

Where a divorce is granted to the wife and the custody of two small children of the marriage is awarded to her, and where there is no community real estate, and the wife owns no separate property, the trial court may, *when it shall seem to him just and right, having due regard to the rights of each party and their children,* set aside to the wife, during the term of her natural life, as the homestead of herself and her minor children, a part of the separate property of the husband. Art. 4634, Revised Civil Statutes of 1911; Fitts v. Fitts, 14 Texas, 445; Simmons v. Simmons, 23 Texas, 347; Pape v. Pape, 35 S. W., 479; Speer's Law of Marital Rights in Texas, Art. 552, p. 714.

In a divorce case, the community property is the primary fund from which such provision should be made for the wife and children as would render the division just under all the circumstances; but, in a proper case, the separate property of the husband may be subjected to such charges, and especially in favor of the wife, as may be equitable and right, provided the title to real estate be not divested. Art. 4634, Vernon's Civil Statutes; Fitts v. Fitts, 14 Texas, 450.

In a divorce case the Court pronouncing decree of divorce may award possession of the community property of the spouses to the wife for use by herself and her minor children as a homestead during the term of her natural life; and upon the entry of decree of divorce, ordering division and partition of said property there is then no difference and should be no distinction between the separate estate of either and the community half set apart to each so far as homestead rights of the wife are concerned. Tiemann v. Tiemann, 34 Texas, 523; Long v. Long, 29 Texas Civ. App., 536, 69 S. W., 428; Kirkwood v. Domnau, 80 Texas, 645; Holland v. Zillicx, 38 Texas Civ. App., 416, 86 S. W., 36; Wade v. Wade, 180 S W., 643.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Questions certified from the Court of Civil Appeals of the First

Supreme Judicial District of Texas, in an appeal from the District Court of DeWitt County.

The certificate of the Honorable Court of Civil Appeals is as follows:

"In the above styled and numbered cause, now pending in this court on appeal from the District Court of DeWitt County, it being a suit for divorce, division of property, and determination as to which of the parties should have custody of the minor children of the marriage, the following facts appear:

"The trial court submitted fact issues between the parties to the jury upon special issues, who found their community property consisted of personalty only, which was accordingly equally divided between them, and that the only real estate involved, which consisted of 197-½ acres of land in DeWitt County, and 100.4 acres of land in Karnes County, belonged to the husband, the defendant in the suit, as his separate property, and that no community funds had been used in the purchase of either tract. It also appeared that the 100.4 acres in Karnes County was fully paid for, but there was a mortgage indebtedness of $7500.00 against the DeWitt County tract.

"In her petition for divorce the wife alleged that the 197-½ acres was the homestead of the parties and their children and was so used until she was compelled to abandon him a short time before the filing of the suit, that she had no separate property of her own, and no homestead other than the two tracts of land referred to.

"Upon the recommendation of the jury a divorce was granted the wife upon her petition therefor and custody of the two minor children of the marriage was awarded to her.

"After submitting the other issues referred to, with reference to homestead rights, the court gave the jury this instruction:

"'Bearing the above in mind, and the fact that the uncontradicted evidence in this case shows that plaintiff and defendant have two minor children, Evie Leona and Walter Irvin; and that the defendant has a minor daughter, Gussie, by a former marriage, you may make some provision with reference to homestead rights if you think right and proper; or you may decline to make any provision with reference thereto.

"'Special Issue No. 17. What provision, if any, as to homestead rights do you make in this case?'

"In response to this question the jury replied:

"'We make the following provision with reference to homestead rights. We set aside the 100.4 acres of land situated in Karnes County, Texas—three or four miles northwest of Runge, as a homestead for plaintiff and her two minor children, Evie and Walter Irvin, for her life time.'

"Upon this answer the court decreed as follows:

" 'And it further appearing to the court from said finding and verdict of the jury that plaintiff should be granted and allowed a homestead for herself and her two minor children during the balance of the natural life of plaintiff in the 100.4 acres in Karnes County, Texas, it is therefore ordered, adjudged and decreed by the court that said tract of 100.4 acres of land in Karnes County, Texas, just above mentioned be and the same is hereby set aside and awarded to plaintiff to be used and enjoyed by herself and her two minor children, Evie Leona Hedtke and Walter Irwin Hedtke, as a homestead during the balance of the natural life of plaintiff.
\*    \*    \*    \*

" 'Possession of said land to revert to said defendant, J. G. Hedtke, at the termination of said homestead rights as herein provided.
\*    \*    \*    \*

" 'And it is hereby ordered and decreed that defendant take said two tracts of land as his separate property, subject, however, to the homestead rights as herein fixed and decreed and given plaintiff in said tract of 100.4 acres of land in Karnes County, Texas.'

"Under the facts stated we are in doubt as to whether or not the court, in so fixing homestead rights in the separate property of the husband in favor of the divorced wife for the use and benefit of herself and their two minor children as a homestead during the balance of her natural life, exceeded its power, under Art. 4634, Revised Statutes of 1911;

"Accordingly we beg to propound to your Honorable Court the following questions:

"1st. Was the trial court authorized to decree plaintiff the right to use and occupy as a homestead during her natural life the 100.4 acre tract of land owned by the defendant in his separate right?

"2nd. Could the plaintiff or the minor children be given the right to hold and occupy said premises as a homestead after said minors became of age or ceased to be constituents of plaintiff's family?"

By the express terms of article 4634 of Vernon's Sayles' Texas Civil Statutes, the District Court was empowered, in pronouncing the decree of divorce, to order a division of the estate of the parties to the divorce suit in such a way as to the court seemed just and right, having due regard to the rights of each party and of the children, provided neither party was divested of title to real estate. Real estate impressed with the homestead character was as much subject to division as was non-exempt property. The estate subject to division, under the statute, included all property of the parties whether community property or separate property. The meaning of the statute is not different from what it would have been had the word "property" been substituted in its phraseology for the word "estate."

The income from property belonging to the husband during marriage is subject to a charge or burden for the maintenance of the wife and every minor child. The burden issues from the marital contract and is incident to the husband's relation to the family. It is unthinkable that the law should reward the husband, by lifting a charge from his income, for proving unfaithful to obligations on which rest the sanctity and welfare of the home.

While the court, in ordering the divorce, should not be unmindful of the benefits which the spouse not at fault would have derived from a continuance of the marriage, through the estate of the other spouse, its power is not limited to providing compensation for such benefits. Instead, the court is to do complete equity as between the husband and wife and the children, having due regard to all obligations of the spouses and to the probable future necessities of all concerned. For the purpose of doing equity, the court may award all the personal property to either spouse, and may subject the income, rents, or revenues of all real estate, belonging to either or both of the spouses, to the support of either or both of them, or to the education and support of the children.

Section 4, of the Act of January 6, 1841, being article 849 in Hartley's Digest, authorized the court decreeing a divorce "to decree and order a division of the estate of the parties in such way as to them shall seem just and right, having due regard to the rights of each party and their children, if any: provided, however, that nothing herein contained shall be construed to compel either party to divest him or herself of the title to real estate or to slaves."

Mrs. Nancy Fitts obtained a divorce from Oliver H. Fitts on the ground of cruelty. By the decree of divorce, rendered under section 4 of the act of 1841, slaves belonging to the separate estate of Mrs. Fitts were placed in the hands of a trustee, who was directed to apply the net proceeds of their use, during the natural life of Oliver H. Fitts as follows: one-fifth to Oliver H. Fitts, one-fifth to Mrs. Fitts, and three-fifths to their children. Mrs. Fitts sued out a writ of error, presenting the single question that the trial court erred in subjecting slaves which were her separate property to the support of her former husband and in not adjudging to her absolutely the lands belonging to her separate estate. After reviewing the decisions of other states construing similar statutes, which held that even the guilty husband was entitled, under certain circumstances, to maintenance out of the wife's separate property, this court held that, under facts showing that the husband had no property and was incapable of supporting himself and that the wife acquired her property by gift from her husband, the provision made by the decree of the trial court for the husband's support was consistent with the statute and did not divest the wife of her title to the slaves. In ordering

an affirmance, the Supreme Court directed that the court below proceed to make an order, under which such portion of the revenues to be derived from Mrs. Fitts' separate lands as might be necessary be also appropriated to Mr. Fitts' support.

The statute was construed in the following plain and clear language of Chief Justice Hemphill:

"As the parties in marriage, in this State, very often have each separate property, and as very generally there is some community property, the most obvious construction of the Statute is, that the separate property should be restored to its owner respectively, and that such division of the community property be made, as may seem just and right; it being understood that a due regard must be had to the rights of the parties, that suitable provision must be made for the education and maintenance of the children, if any, and that although the community property is the primary fund from which such provision should be made as would render the division just under all the circumstances, yet there may be cases in which the separate property will be subjected to such charges, and *especially in favor of a wife,* as may be equitable and right: provided that the title to lands and slaves be not divested." Fitts v. Fitts, 14 Texas, 450.

In Rice v. Rice, 21 Texas, 58, the trial court rendered a judgment of divorce, whereby the revenues to be derived from certain improvements on three lots were to be applied to the support of the minor children of the divorced parties. The lots belonged to the separate estate of the husband while the improvements were adjudged by the trial court to belong to the community estate of the husband and wife. On appeal by the husband, complaining of the disposition made of the revenues to be derived from the improvements, it was held that the trial court was in error in framing its decree as though only the community property could be applied to the support of the minors, and the decree was reversed with directions to the trial court to adjudge that the use of the entire property, including the lots belonging to the husband's separate estate, be applied to the minor's education and support, with reservation of the fee to the husband. In the opinion, Chief Justice Hemphill calls attention to the fact that in decreeing the division authorized by the statute, the rights of each spouse, as well as of the children, are to be protected, and that it is an utterly mistaken view of the statute that the court could not use the separate property of either spouse, as well as community property, in making suitable provision for either spouse or for the children. 21 Texas, 68, 69.

The present statute is essentially the same as the act of 1841, with the elimination of the provision relative to slaves and with the correction of manifest typographical errors. Its language ought to

be given the meaning uniformly ascribed to it by this court, and that is, that the court pronouncing a decree of divorce is invested with wide discretion in disposing of any and all property of the parties, separate or community, and that its action, in the exercise of such discretion should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair. Simons v. Simons, 23 Texas, 348; Rice v. Rice, 21 Texas, 68; Gulley v. Gulley, 111 Texas, 238, 231 S. W., 97, 15 A. L. R., 564.

The true rule was also announced by Judge Fly for the San Antonio Court of Civil Appeals in Pape v. Pape, 13 Texas Civ. App., 100, 35 S. W., 480, when he said:

"The estate of both, whether separate or community, could have been placed in the hands of a trustee, and the revenues arising therefrom have been used in the proportions ordered by the court for the support of the husband, the wife and the children."

The certificate discloses no question of fact for a jury to determine. In disposing of the property of the parties it is competent for the court to consider the homestead character of any of the property, separate or community, and the homestead needs of either the husband or the wife or the children; and, the right of use and occupancy of homestead property, as of any other, may be adjudged to the husband, the wife, or the children. Kirkwood v. Domnau, 80 Texas, 647, 26 Am. St., 770, 16 S. W., 428; Speer v. Sykes, 102 Texas, 454. 132 Am. St., 896, 119 S. W., 86. A different question was presented in Bahn v. Starcke, 89 Texas, 208, 59 Am. St., 40, 34 S. W., 103, where it was held that the right acquired by a wife under a divorce decree in land which had formerly been used as the homestead of her husband and herself was not exempt from execution for the payment of a debt of the wife.

We answer to the certified questions that the court possessed ample power to award the wife and her minor children the use of the 100.4 acres of land for the natural life of the wife, and we regard this as what was substantially accomplished by the court's judgment; and the facts certified furnish no basis for complaint by the husband that there was any abuse of the court's discretion.