Unquestionably this was the law prior to the enactment of the Mental Health Code (Art. 5547–81, Vernon's Ann.Civ.St.) in 1957. Davidson v. State, 109 Tex.Cr.R. 251, 4 S.W.2d 74.

■ Since the above statute deprives the accused of a presumption and alters the rules of evidence, it would be unconstitutional as ex post facto if applied to a discharge dated before the effective date of the act. Holt v. State, 2 Tex. 363.

We have concluded that the trial court erred in failing to give the requested charge.

The judgment is reversed and the cause is remanded.

WOODLEY, Judge (dissenting).

The Texas Mental Health Code became effective January 1, 1958. The theft was committed more than a year later.

I cannot agree that appellant may successfully attack the statute, in effect when he committed the offense, as ex post facto and unconstitutional.

I respectfully dissent.

**Ruth Fay BAYER, Appellant,**

v.

**Herman C. BAYER, Appellee.**

No. 3491.

Court of Civil Appeals of Texas.

Eastland.

Jan. 8, 1960.

Rehearing Denied Jan. 29, 1960.

Bonham, Stanley & Campbell, Houston, for appellee.

WALTER, Justice.

Herman C. Bayer filed suit against Ruth Fay Bayer for a divorce and, in a non-jury trial, a divorce was granted and the defendant has appealed, contending the court erred because the pleadings and proof failed to show a statutory ground for a divorce. She also contends the court erred in making a division of the property.

After carefully reviewing and considering the record and the briefs of the parties, and in deference to Rule 452, Texas Rules of Civil Procedure, we have concluded that appellant has not shown the learned and patient trial court abused his discretion in making a division of the community and separate property of the parties. We also hold appellee's pleadings were sufficient and that there was evidence of probative force to support the judgment rendered. See Scannell v. Scannell, Tex.Civ.App., 117 S. W.2d 538; Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Article 4638, Revised Civil Statutes. We find no merit in appellant's points and same are overruled.

Judgment is affirmed.