**Maurice NELSON, Appellant,**

v.

**Mary Louise NELSON, Appellee.**

**No. 17191.**

Court of Civil Appeals of Texas.
Dallas.

Jan. 3, 1969.

Jean Maier, Dallas, for appellant.

Hermes Nye, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a judgment rendered April 1, 1968 in a divorce case. Appellant Maurice Nelson attacks only the child support and property division provisions of the judgment.

Care and custody of one child, a fourteen year old boy, was awarded to appellee Mary Louise Nelson. The child's father, appellant Maurice Nelson, was ordered to pay $180 as child support. The boy is undergoing "extended psychiatric treatment".

All property of the parties is community property. The court made provision for property division as follows:

| To Appellant | To Appellee |
|---|---|
| (1) One 1964 Rambler automobile. | (1) One 1963 Rambler automobile. |
| (2) Home to be sold in 1974 and 40% of sale price to appellant. | (2) Use and benefit of home for six years; then home to be sold and 60% of sale price to appellee; reimbursement to appellee of $330 paid by appellee on home; home is now clear of debt. |
| (3) Business property in Valwood Park (estimated value $13,000 to $24,000) divided equally between parties. | (3) Business property in Valwood Park (estimated value $13,000 to $24,000) divided equally between parties. |
| (4) First lien note of $3,200 to be divided 38% to appellant. | (4) First lien note of $3,200 to be divided 62% to appellee. |
| (5) House trailer awarded to appellant. | |

Appellant's take home pay is approximately $800 per month. Appellee's take home pay is approximately $375 per month.

In his first point of error appellant says that the court's division of the community property was unjust and unfair and the court by its decision abused its discretion. Appellant recognizes that the division of community property need not be equal so long as it is not so disproportionate as to be inequitable. But its discretion is not unlimited. Bowling v. Bowling, 373 S.W.2d 829 (Tex.Civ.App., Houston 1963, no writ); Hooper v. Hooper, 403 S.W.2d 215 (Tex.Civ.App., Amarillo 1966, writ dism'd). We do not disagree with appellant's statement of the law, or with the holdings in the above cited cases, but we do disagree with appellant's contention that the court abused its discretion in this instance. We believe the following cases support our holding. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923); Middlesworth v. Middlesworth, 380 S.W.2d 790 (Tex.Civ.App., Fort Worth 1964, no writ); Duncan v. Duncan, 374 S.W.2d 800 (Tex. Civ.App., Eastland 1964, no writ); Mozisek v. Mozisek, 365 S.W.2d 669 (Tex. Civ.App., Fort Worth 1963, writ dism'd); Hudson v. Hudson, 308 S.W.2d 140 (Tex. Civ.App., Austin 1957, no writ); Balander v. Balander, 299 S.W.2d 957 (Tex.Civ.App., Austin 1957, no writ); Stanley v. Stanley, 294 S.W.2d 132 (Tex.Civ.App., Amarillo 1956, writ ref'd n. r. e.). Appellant's first point is overruled.

In his second point on appeal appellant asserts that the court abused its discretion in ordering him to pay child support of $180 per month. Again we must disagree with appellant. As already stated the child is under extended psychiatric treatment. Appellant's take home pay is more than double that of appellee. We think these authorities support our holding: Menzies v. Menzies, 419 S.W.2d 398 (Tex.Civ.App., Houston 1967, no writ); Middlesworth v. Middlesworth, 380 S.W. 2d 790 (Tex.Civ.App., Fort Worth 1964, no writ); Beaird v. Beaird, 380 S.W.2d 730 (Tex.Civ.App., Dallas 1964, no writ); Wallace v. Wallace, 371 S.W.2d 918 (Tex. Civ.App., San Antonio 1963, no writ); Madden v. Madden, 365 S.W.2d 427 (Tex. Civ.App., Fort Worth 1963, no writ.) Child support payments under the court's order may be discontinued when the child reaches the age of 18 years. Art. 4639a, Vernon's Ann.Civ.St. Appellant's second point is overruled.

The substance of appellant's third point is that the court erred in setting aside the homestead until March 1, 1974 for the use and benefit of appellee. The child will then be 21 years of age. Appellant contends that this is in effect awarding alimony to appellee after the divorce, which is not permitted in Texas. We see no merit in this point. The following cases hold contrary to appellant's contention: Middlesworth v. Middlesworth, 380 S.W.2d 790 (Tex.Civ.App., Fort Worth 1964, no writ), homestead awarded to wife, with lien in favor of husband, but not to be enforced until homestead sold if ever; Duncan v. Duncan, 374 S.W.2d 800 (Tex.Civ.App., Eastland 1964, no writ); Harris v. Harris, 190 S.W.2d 489 (Tex.Civ.App., Galveston 1945, no writ), homestead to wife for life, or until remarriage; Bagby v. Bagby, 186 S.W.2d 702 (Tex.Civ.App., Amarillo 1945, no writ), homestead to wife for life or, until remarriage; Farris v. Farris, 15 S.W. 2d 1083 (Tex.Civ.App., San Antonio 1929, no writ), separate property of husband set aside to wife for life; Bush v. Bush, 237 S.W.2d 708 (Tex.Civ.App., Amarillo 1950, no writ); Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923), homestead to wife for lifetime use. We overrule appellant's third point.

The judgment of the trial court is affirmed.