**Robert L. SMALLWOOD, Appellant,**

v.

**Dora SMALLWOOD, Appellee.**

No. 5701.

Court of Civil Appeals of Texas, Waco.

March 10, 1977.

Michael J. Rogers, Cleburne, for appellant.

Hugh B. Higgins, Cleburne, for appellee.

OPINION

JAMES, Justice.

This is a divorce case. The Appellant husband appeals from the trial court's division of the community property in the divorce judgment, asserting the trial court abused its discretion therein. We overrule this contention and thereby affirm.

At the time of the divorce judgment Mr. Smallwood was 39 years of age, Mrs. Smallwood was 37 years of age, and the parties had been married twenty years. The par-

ties had two children born to the marriage, to wit, a daughter eighteen years old and a son fifteen years old, both of whom lived in the home with Mrs. Smallwood. The husband had been for seventeen years employed by Gerhart-Owens Co., a large company; and at the time of the divorce he was earning $1200.00 per month. The wife was an unskilled laborer and was employed outside the home earning about $225.00 per month.

The parties had accumulated as community property a home place, consisting of a house and lot in Burleson, Texas, worth about $23,000.00 with a $7500.00 debt against it, household furniture and fixtures, a pickup truck, a retirement fund, cash surrender value of certain life insurance policies, two bank accounts, and other miscellaneous items of personal property.

The trial court sitting without a jury, after hearing, granted the parties a divorce, appointed the mother managing conservator of the fifteen year old boy, allowed reasonable visitations of the child to the father, and ordered the father to pay $150.00 per month child support. All of these things were substantially agreed to by and between the parties.

Then the division of the community property ordered by the trial court is as follows:

(1) To Mrs. Smallwood he awarded the house and lot and household furniture (except certain items awarded to Mr. Smallwood) subject to any indebtedness charged against said property.

(2) Mr. Smallwood was awarded a dining room suite and dresser, a light fixture and stove lamp, a rifle and shotgun, stereo, a motorcycle, a pickup truck, ham radio equipment, bank accounts of the value of $598.87, a retirement fund worth $420.00, cash surrender values of life insurance policies worth $2000.00, certain power tools, and other miscellaneous items of personal property.

Appellant Mr. Smallwood asserts the trial court abused its discretion in making the above division and disposition of the community property, because he says there is a gross disparity between the value of Mrs. Smallwood's share as compared with his share. We overrule this contention.

Article 3.63 of the Texas Family Code provides in pertinent part:

"In a decree of divorce . . . the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."

It is well settled that the trial court has broad discretion in determining the disposition of property in divorce actions, and this discretion will not be disturbed unless an abuse of discretion is shown. That is to say, the trial court's action should be disturbed on appeal only when an abuse of discretion is shown in that the disposition made is manifestly unjust and unfair. *Hedtke v. Hedtke* (Tex.1923) 112 Tex. 404, 248 S.W. 21; *Carle v. Carle* (Tex.1950) 149 Tex. 469, 234 S.W.2d 1002; *Bell v. Bell* (Tex.1974) 513 S.W.2d 20; *McKnight v. McKnight* (Tex.1976) 543 S.W.2d 863; *Fortenberry v. Fortenberry* (Waco CA 1976) 545 S.W.2d 40, 42, no writ.

There is no requirement under the above-stated rules that the trial court divide the property equally between the parties. *Hedtke v. Hedtke*, supra. On the contrary, the trial court is required to view the case in its entirety in making a division that is just and right between the parties.

Here, we have a case where a home was needed to be maintained for the children by the mother, coupled with a great disparity in earning capacity between the mother and the father. Considering the record as a whole, we cannot say the trial court abused its discretion, so that the division made is manifestly unjust and unfair.

Judgment of the trial court is accordingly affirmed.

AFFIRMED.