Richard C. BOKHOVEN, Appellant,

v.

Nancy A. BOKHOVEN, Appellee.

No. 1057.

Court of Civil Appeals of Texas, Tyler.

Dec. 1, 1977.

Rehearing Denied Dec. 22, 1977.

Jerry A. Stewart, Anderson & Peters, Reyburn U. Anderson, Dallas, for appellant.

Patricia A. Hill, Dallas, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from a divorce decree. Appellant Richard C. Bokhoven, petitioner below, filed a petition seeking a divorce from the appellee, Nancy A. Bokhoven. The suit tried before the court also concerned the parent-child relationship involving Jeffrey Richard Bokhoven, a child born of the marriage on December 6, 1970. The parties were married on October 9, 1965, and separated in March of 1975. In his petition, appellant asked that appellee be appointed managing conservator of the child.

The trial court granted its decree of divorce and appointed appellee managing conservator and appellant possessory conservator. The appellant states in his first and second points of error that the trial court abused its discretion by unfairly dividing the community property. The appellant's third point of error concerns the amount of child support ordered by the court.

We affirm the trial court.

The appellant in his brief sets out the community property division ordered by the court as follows:

| Wife takes: | |
|---|---|
| House | $33,500.00 |
| Volkswagen | 1,687.10 |
| Majority of furniture | 2,000.00 |
| | $37,467.00[1] |

| Husband takes: | |
|---|---|
| Motorcycle | $ 350.00 |
| Retirement Alcon | 288.00 |
| Navy Credit Union | 151.98 |
| Future Cash (from sale of house) | 6,000.00 |
| 100 shares Redman Capital Corp. Stock | 437.50 |
| | 848.46 |
| Furniture | 500.00 |
| | $8,575.94 |

| Wife pays: | |
|---|---|
| 1st Lien | $17,065.03 |
| Future debt to be paid on sale of house | 6,000.00 |
| | $23,065.03 |

| Husband pays: | |
|---|---|
| Note to Navy Federal Credit Union | $3,226.88 |

| Net to wife: | $14,401.97[2] |
|---|---|

| Net to Husband: | $5,349.06 |
|---|---|

Judgment against the husband for the wife's attorney's expense of $1,250.00 was ordered.

The appellee in her brief states that the community property division as ordered by the court awards the wife $8,723.00 and the husband $4,833.00. The major differences in the appellant's and the appellee's figures appear to result from conflicting values on the car, the furniture, and closing costs for the sale of the home that the appellee has included in her figures. The closing costs have their basis in the trial court's property division which orders a sale of the home with the appellant receiving $6,000 from the sale, such sale to occur after the first of the following occurs.

1. Jeffrey Richard Bokhoven attains the age of eighteen (18) years;

2. Jeffrey Richard Bokhoven marries, permanently leaves home or dies; or

3. Appellee voluntarily leaves, abandons or sells the home.

The record presented to us in this case does not enable us to determine the

1. The $37,467.00 figure is mathematically incorrect in the brief and should read $37,187.10.

2. The $14,401.97 figure is mathematically incorrect in the brief and should read $14,122.07.

values of most of the items of community property. An unsworn inventory and appraisement was filed in the papers of the cause and was referred to briefly by the appellant in his testimony, but it was never introduced into evidence. We cannot consider this inventory and appraisement on appeal because it is not before us. *Llast v. Emmett,* 526 S.W.2d 288, 290 (Tex.Civ.App.—Tyler 1975, n.w.h.); Tex.R.Civ.P. 376. The value of most of the items of community property was never touched upon during the testimony of either party. Therefore, the evidence is non-existent regarding the value of most items of community property.

The only findings of fact concerning the value of any of the community property states the value of the home is between $32,500.00 and $33,500.00, and sets the community equity in the home at approximately $10,000.00. It was incumbent upon the appellant to request additional findings of fact about the valuation of any of the remaining items of community property if he had presented evidence on their value and if he desired such findings. Tex. R.Civ.P. 298. Not having done so, such findings are waived. *Tidwell v. Lange,* 531 S.W.2d 384, 386 (Tex.Civ.App.—Waco 1975, n.w.h.); *Dillingham v. Dillingham,* 434 S.W.2d 459, 462 (Tex.Civ.App.—Fort Worth 1968, writ dismissed); *Nelson v. Flache,* 487 S.W.2d 843 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.). In the absence of a sufficient valuation of the community property of the parties, we cannot say the trial court abused its discretion in the division of such property.

Even if this court were to accept the values of the community property division as set out in appellant's brief and stated above, we could not say such division by the trial court was an abuse of discretion.

Section 3.63, Texas Family Code, provides:

> "In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."

The division of community property need not be made equally. *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21 (1923); *Roye v. Roye,* 404 S.W.2d 92, 95 (Tex.Civ. App.—Tyler 1966, n.w.h.); *Nelson v. Nelson,* 436 S.W.2d 200, 202 (Tex.Civ.App.—Dallas 1969, n.w.h.); *Smith v. Manger,* 449 S.W.2d 347, 349 (Tex.Civ.App.—San Antonio 1970, n.w.h.); *Dobbs v. Dobbs,* 449 S.W.2d 119, 120 (Tex.Civ.App.—Tyler 1969, n.w.h.). The trial court has wide discretion in ordering a division of community property, and there is a presumption the trial court exercised its discretion properly. *Waggener v. Waggener,* 460 S.W.2d 251, 254 (Tex.Civ.App.—Dallas 1970, n.w.h.); *Mozisek v. Mozisek,* 365 S.W.2d 669 (Tex. Civ.App.—Fort Worth 1963, writ dismissed). At the same time, such discretion is not unlimited and cannot be used in an inequitable manner. *Bowling v. Bowling,* 373 S.W.2d 829, 831 (Tex.Civ.App.—Houston 1964, n.w.h.); *Hooper v. Hooper,* 403 S.W.2d 215 (Tex.Civ.App.—Amarillo 1966, writ dismissed).

There are many factors to consider in ascertaining whether a trial court abused its discretion in dividing the community property. The trial court may take into consideration a number of things including the difference in earning capacity, capacity and abilities of the parties, the business opportunities, probable future need for support, fault in breaking up the marriage, and the benefits the innocent spouse would have received from a continuation of the marriage. *Miller v. Miller,* 463 S.W.2d 477, 480 (Tex.Civ.App.—Tyler 1971, writ ref'd n.r.e.). In this particular instance, the trial court's division of community property could be based solely upon the difference in earning capacities of the parties as set out in the findings of fact.

We think the property division in this case falls within the language of the Texas Supreme Court as set out in *Bell v. Bell,* 513 S.W.2d 20 (Tex.1974), at page 22:

> " . . . Texas courts have held that such division does not have to be equal,

and appellate courts have held it must be presumed that the trial court exercised its discretion properly, and that a case should be reversed only where there is a clear abuse of discretion. . . . It is well established that Texas divorce courts are given wide discretion in making division of the property of the parties. That discretion will not be disturbed on appeal unless the court has clearly abused its discretion. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923)."

As we view the record, appellant has failed to discharge his burden showing that the court's order dividing the property was manifestly unjust or unfair or that there is a flagrant abuse of discretion to such an extent that the order should be set aside. *Williams v. Williams*, 537 S.W.2d 107, 111 (Tex.Civ.App.—Tyler 1976, n.w.h.). Appellant's first and second points of error are overruled.

The appellant asserts in his third point of error that the trial court erred in setting the amount of child support at $400.00 per month. The setting of the amount of child support is a matter in the sound discretion of the trial court. *Dennis v. Dennis*, 512 S.W.2d 699, 701 (Tex.Civ. App.—Tyler 1974, n.w.h.); *Schwartz v. Jacob*, 394 S.W.2d 15 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.); *Madden v. Madden*, 365 S.W.2d 427 (Tex.Civ.App.—Fort Worth 1963, n.w.h.). The fact that a trial judge may exercise his discretional authority in a matter differently than an appellate judge would have done under similar circumstances does not demonstrate that an abuse of discretion has occurred. *Southwestern Bell Telephone Co. v. Johnson*, 389 S.W.2d 645, 648 (Tex.1965); *Jones v. Strayhorn*, 159 Tex. 421, 321 S.W.2d 290, 295 (1959). After reviewing the entire record, we cannot agree that the trial court abused its discretion in setting the amount of child support payments. Appellant's third point of error is overruled.

The appellee's cross-point of error is overruled as being without merit.

The judgment of the trial court is affirmed.