Affirmed and Opinion filed April 17, 2008








Affirmed and Opinion filed April 17, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00938-CV

____________

 

CARL DEWALT, Appellant

 

V.

 

STALANDA DEWALT, Appellee

 



 

On Appeal from the 308th
District Court

Harris County, Texas

Trial Court Cause No. 2005-43190

 



 

M E M O R A N D U M  O P I N I O N

Carl Ervin Dewalt appeals a property division arising from
his divorce from Stalanda Gatreesh Dewalt.  Following a bench trial, the court
issued findings of fact and conclusions of law.  Carl contends that the trial
court abused its discretion in making a disproportionate division of property. 
He also challenges certain findings and conclusions underlying the appointment
of Stalanda as sole managing conservator of their three minor children.  We
affirm.








Carl and Stalanda wed on January 20, 1990, and remained
married for 15 years.  They had three children, who were 14, 11, and 11 at the
time of trial in July, 2006.  Stalanda testified that she left Carl because of
mental and physical abuse.  When asked to elaborate, she testified that Carl
once ripped her pants off when they were in the bedroom because, she said, Ahe wanted to prove
that this is something that could happen to me.@  She admitted,
however, that Carl was a good father and that she did not object to him having
extended visits with the children.  Carl represented himself at trial.  He
expressed a desire to reconcile and requested the court appoint them joint
managing conservators  of the minor children. 

Stalanda worked for HealthSouth Hospital at the time of
trial and the court determined that the amount of net resources available to
her per month was $2,010.  Carl was employed by Delta Airlines, but at the time
of trial he was suspended without pay and looking for another job. 
Nevertheless, the court determined that the amount of net resources available
to him per month was $3,457.04.  Around the time of the separation, Carl opened
a bakery, but had since shut it down and had not received any income for the
two months before trial.  He admitted that he had not paid child support during
those two months.

The court appointed Stalanda as sole managing conservator
of the three children, stating that A[w]hen there has
been violence in the marriage, and I certainly think ripping clothes off would
be considered violence, the Court cannot do a joint managing conservator.@  The court
further stated in its findings of fact and conclusions of law that A[t]here is
credible evidence of a history or pattern of past or present family violence by
Carl Ervin Dewalt directed against Stalanda Gatreesh Dewalt, and it is not in
the best interest of the children that Carl Ervin Dewalt be appointed as the
joint managing conservator. . . .@  The court
divided the estate, awarding the house to Stalanda, and ordered Carl to pay
Stalanda=s attorney=s fees and
sixty-five percent of the amicus attorney=s fees.  In making
a disproportionate division of assets in favor of Stalanda, the court included
the following in its findings of fact and conclusions of law:

[Stalanda] was awarded a disproportionate share of the parties= estate for the following reasons,
including but not limited to:

a.  fault in the breakup of the marriage;








b.  disparity of earning power of the spouses and
their ability to support themselves;

c.  the spouse to whom
conservatorship of the children is granted;

d.  needs of the
children of the marriage;

e.  community
indebtedness and liabilities;

f.  need for future
support;

g.  nature of the property involved
in the division;      

h.  attorney=s fees to be paid;

i.  duration of
marriage;

j.  emotional cruelty;
and

k.  family violence.

Carl timely appealed, asserting
that the court abused its discretion by unreasonably dividing the estate
disproportionately, and in finding a history or pattern of past or present
violence. 

The Texas Family
Code requires that the trial court Ashall order a
division of the estate of the parties in a manner that the court deems just and
right, having due regard for the rights of each party and any children of the
marriage.@  Tex. Fam. Code Ann. ' 7.001 (Vernon
2006).  The trial court has broad discretion when dividing the marital estate. 
Jacobs v. Jacobs, 687 S.W.2d 731, 733 (Tex. 1985).  We presume
that the trial court did not abuse its discretion in dividing the estate, and
we will not disturb the division on appeal unless appellant demonstrates a
clear abuse of discretion.  Murff v. Murff, 615 S.W.2d 696,
698-99 (Tex. 1981).  The trial court=s ultimate
division need not be equal, so long as it is equitable and so long as the court
has some reasonable basis for an unequal division.  Zieba v. Martin, 928
S.W.2d 782, 790 (Tex. App.CHouston[14th Dist.] 1996, no writ)(op. on
reh=g).  








In exercising its discretion, the trial court may consider
numerous factors, such as a disparity of incomes or of earning capacities, the
spouses= capacities and
abilities, benefits which the party not at fault would have derived from
continuation of the marriage, relative financial condition and obligations, and
the nature of the property to be divided.  Murff, 615 S.W.2d at
699.  The trial court in a divorce case has the opportunity to observe the
parties on the witness stand and to evaluate their credibility, and the
reviewing court may not impose its own opinions of credibility contrary to
those of the fact finder.  See id. at 700; see also City of
Keller v. Wilson, 168 S.W.3d 802, 819 (Tex. 2005).  If probative
evidence exists to support the trial court=s resolution, or
if reasonable minds could differ as to the result, then we must defer to the
trial court=s factual determinations.  See Walker v. Packer,
827 S.W.2d 833, 839-40 (Tex. 1992). 

A trial court abuses its discretion when it acts
arbitrarily or unreasonably, and without reference to any guiding rules or
principles.  Id. at 839.  A trial court does not abuse its discretion
when it bases its decision on conflicting evidence, nor does a trial court
abuse its discretion when it bases its decision on some evidence of a
substantial and probative character.  Zieba, 928 S.W.2d at 787. 
The lack of sufficient evidence, factual or legal, does not constitute an
independent ground on which to claim error; however, sufficiency of the
evidence is a relevant factor in determining whether the trial court abused its
discretion.  See Beaumont Bank v. Buller, 806 S.W.2d 223, 226
(Tex. 1991).  The trial court=s judgment should be reversed on appeal
when the trial court=s abuse of discretion resulted in a
division of property so disproportionate that it is manifestly unjust and
unfair.  See Hedtke v. Hedtke, 112 Tex. 404, 411, 248 S.W. 21, 23
(1923).  

In the present case, Stalanda, who was named sole managing
conservator of the couple=s three children, was awarded the family
home, which had a net fair market value of $89,486.93.  Each spouse received
fifty percent of the Delta retirement fund, and Stalanda received her entire
HealthSouth retirement fund in the amount of $8,972.00.  The financial accounts
were divided between the two spouses, with Stalanda receiving a total of
$24,073.18 (with $16,433 of that amount being held in trust by Stalanda for the
benefit of the three children) and Carl receiving $23,636.88.  Each spouse
received one vehicle, and Stalanda retained possession of a second vehicle that
she had rented after the separation.








Stalanda testified that she endured mental and emotional
abuse from her husband throughout their marriage and experienced at least one
incident of physical abuse.  Carl denied abusing his wife in any way, and
expressed a desire to reconcile.  As the sole judge of the credibility of the
witnesses, the trial court could have reasonably believed Stalanda and
disbelieved Carl.  See Murff, 615 S.W.2d at 700; see also City
of Keller, 168 S.W.3d at 819.  Additionally, the court found that
there was a disparity of income available to each spouse in favor of Carl. 
Although Carl was suspended from Delta at the time of trial, he testified that
he would be going back to work and that he already had interviews scheduled. 
When deciding how to divide the estate, the trial court may have also
considered the nature of the property divided, the benefits that Stalanda would
have derived from the continuation of the marriage, and the needs of the
children.  The facts of this case do not rise to the level necessary to show
that the trial court abused its discretion in dividing the estate.  See
Murff, 615 S.W.2d at 698-99.  This court has held that the division
does not need to be equal, so long as there is a reasonable basis for the
unequal division.  Zieba, 928 S.W.2d at 790.  The trial court did
not act unreasonably or arbitrarily, and had a reasonable basis for making an
unequal division of the estate.  Therefore, the trial court did not abuse its
discretion in making a disproportionate division.  

Carl=s second issue concerns the trial court=s family-violence
finding and its designation of Stalanda as sole managing conservator.  Stalanda
testified that she left Carl because of mental and physical abuse.  When asked
to elaborate on the physical abuse, she spoke of the one incident when Carl
ripped her pants off.  When asked to elaborate on the mental abuse, she said: AHe made one
statement that he had thought about doing something to me.  And I asked him
what was that, and he said it was so bad he didn=t want to mention
it.@  Although Carl
denied physically or mentally abusing his wife, the trial court had the
opportunity to observe the both spouses on the witness stand and to evaluate
their credibility. We may not impose our own opinions of credibility contrary
to those of the fact finder.  See Murff, 615 S.W.2d at 700; see
also City of Keller, 168 S.W.3d at 819.  Again, the court could have
chosen to believe Stalanda and disbelieve Carl. 








At trial, Carl sought his and Stalanda=s appointment as
joint managing conservators of their three children.  For support, he  relies
on the rebuttable presumption that the appointment of joint managing
conservators is in the children=s best interest.  Tex. Fam. Code Ann. ' 153.131(b)
(Vernon 2003).  But a finding of a history of family violence between the
children=s parents removes
that presumption.  Id.  Indeed, the Family Code requires a trial court
to Aconsider evidence
of the intentional use of abusive physical force by a party against a party=s spouse@ when determining
whether to appoint a party as sole or joint managing conservator.  Id. at
' 153.004(a).  It
likewise provides that the court Amay not appoint
joint managing conservators if credible evidence is presented of a history or
pattern of past or present . . . physical or sexual abuse by one parent
directed against the other parent.@  Id. at ' 153.004(b).  

The trial court found credible evidence of a history of
family violence directed by Carl against Stalanda.  Carl complains on appeal
that the evidence of physical abuse Stalanda offered was insufficient to rebut
the presumption.  But even a single act of violence can amount to a history of
physical abuse.  In re Marriage of Stein, 153 S.W.3d 485, 489 (Tex. App.BAmarillo 2004, no
pet.).  The trial court did not abuse its discretion in finding a history of
family violence and appointing Stalanda sole managing conservator.

We overrule Carl=s issues and
affirm the judgment.

 

 

/s/      Jeff Brown

Justice

 

 

 

 

Judgment rendered
and Opinion filed April 17, 2008.

Panel consists of
Justices Yates, Anderson and Brown.