**J. J. BALANDER, Appellant,**

v.

**Gladys M. BALANDER, Appellee.**

No. 10459.

Court of Civil Appeals of Texas.

Austin.

March 6, 1957.

Rehearing Denied March 20, 1957.

Robert C. Flowers, Jr., Arthur Mitchell, Austin, for appellant.

Donald S. Thomas, Polk Shelton, Austin, for appellee.

GRAY, Justice.

This is a divorce case. The trial court awarded appellee a divorce from appellant on her petition and her testimony charging appellant with cruel treatment toward her. The judgment also divided personal property acquired during the marriage equally between the parties.

The parties were married in Austin, Texas, September 14, 1930. Prior to and after the marriage appellant was employed in Texas, first by a Shoe Company and then by S. H. Kress and Company. In 1939 this company transferred him to Ardmore, Oklahoma, and he remained there until May, 1944, when he joined the Navy. After his discharge from the Navy in 1945, the Company sent him to a rehabilitation school in San Antonio, Texas, for a couple of months, and then in September, 1945, transferred him to Salina, Kansas. He remained in Salina until May, 1946, when he returned to Texas, where he and appellee have since resided.

During the time appellant was employed in Oklahoma he purchased 50 shares of S. H. Kress and Company stock and while employed in Kansas he purchased another 50 shares of such stock.

Appellant filed his motion under Rule 184a, Texas Rules of Civil Procedure, for the trial court to take judicial notice of the law of Oklahoma and Kansas. This motion was to the effect that at all times relevant here Oklahoma and Kansas were not community property states and that those states classify property acquired by married persons as separate property or as property jointly acquired and that under the law of Oklahoma and Kansas the 100 shares of stock above mentioned were and are the separate property of appellant.

This motion was not contested by appellee. However the certificates of the shares of stock were brought to Texas and were before the trial court at the trial.

The evidence shows that except for the time appellant was in the Navy and in rehabilitation school the parties resided together as husband and wife in Texas, Oklahoma and Kansas and upon their return from Kansas to Texas in May, 1946, they continued to so reside until January 6, 1955, when they separated and appellee filed this suit.

One child, J. J. Ballander, Jr., was born to the marriage. He was born October 13, 1938, and is now residing with appellant. Neither his custody or support is involved except that the evidence shows that approximately $710 has been deposited in a building and loan association for his benefit and which the judgment awarded to him as his separate property.

During the marriage appellee was employed only a small portion of the time and then for short periods. She now resides with her sister in Austin, is employed as a saleslady and makes $30 per week and commission on her sales.

Appellant is now employed by Sears, Roebuck Company in Austin, and in 1955 he earned $5,200. He and his son are residing in a home given to them by his (appellant's) sister.

The trial court, in his findings of fact and conclusions of law filed at appellant's request, found that during the marriage there was accumulated personal property of the value of $10,995.64. This amount consisted of checking accounts in banks, $255; household furniture, $1,500; automobile, $650; Sears, Roebuck Company stock, $2,315.48; cash and miscellaneous investments at Sears, Roebuck Company, $1,400.16, and 100 shares of S. H. Kress and Company stock, $4,875. He further found that:

"There is a great disparity in the ability of the parties to earn a living. The plaintiff can earn no more than $1600.00 a year, while the defendant can and does earn in excess of $5,000.00 per year."

The trial court's judgment divided the personal property equally between the parties. There is no complaint of the judgment granting the divorce but appellant says that the trial court erred in dividing the 100 shares of S. H. Kress and Company stock for the reason that the same was his separate property.

Title to real estate is not here involved. The sole and only question presented is: Does Art. 4638, Vernon's Ann.Civ.St., authorize the division of personal property made by the trial court?

It is well established that a court in pronouncing a decree of divorce is vested by the above statute with wide discretion in disposing of the property of the parties, both separate and community and such discretion should be corrected only when an abuse is shown "in that the disposition of some property is manifestly unjust and unfair."

"While the court, in ordering the divorce, should not be unmindful of the benefits which the spouse not at fault would have derived from a continuance of the marriage, through the estate of

the other spouse, its power is not limited to providing compensation for such benefits. Instead the court is to do complete equity as between the husband and wife and the children, having due regard to all obligations of the spouses and to the probable future necessities of all concerned. For the purpose of doing equity, the court may award all the personal property to either spouse, and may subject the income, rents, or revenues of all real estate, belonging to either or both of the spouses, to the support of either or both of them, or to the education and support of the children." Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21.

Further the court cited Rice v. Rice, 21 Tex. 58, and said:

"* * * it is an utterly mistaken view of the statute that the court could not use the separate property of either spouse, as well as community property, in making suitable provision for either spouse or for the children. 21 Tex. 68, 69."

 In making a division of property the court may take into consideration the business opportunities, capacities and abilities of the parties. Bagby v. Bagby, Tex. Civ.App., 186 S.W.2d 702.

Appellee alleged and testified to appellant's cruel treatment of her and her testimony in this respect was not controverted. The evidence shows that appellant has been and is now employed at a substantial salary and has gained experience in business which began prior to his marriage. It also shows he is residing with his son in the home given them by his sister and about which there is no controversy. Appellee's experience in business is limited as above indicated, she is employed at a modest salary and is living with her sister after sharing some twenty-five years of her life with appellant.

We think the trial court was fully authorized to divide the property as he did and that in so doing he did not abuse his discretion. 15–A Tex.Jur., Sec. 152, p. 761.

The judgment of the trial court is affirmed.