**Claude BERDOLL, Appellant,**

v.

**Ivy BERDOLL, Appellee.**

**No. 11345.**

Court of Civil Appeals of Texas.

Austin.

Jan. 5, 1966.

Rehearing Denied Jan. 26, 1966.

J. H. Hart, Small, Small & Craig, Richard Craig, Austin, for appellant.

Paul Holt, Mitchell & Gilbert, Arthur Mitchell, Austin, for appellee.

PHILLIPS, Justice.

This is an action for divorce brought by appellee, Mrs. Berdoll, against her husband who is the appellant here.

The Berdolls were married in 1936 and eight children, all living, were born during the marriage. When suit was filed the five younger children were minors living at home. When the judgment was entered, four of the children were minors living at home.

The parties have been separated since October, 1961 when a prior divorce action was instituted and subsequently dismissed.

Appellee's original petition alleged statutory cruel treatment as grounds for divorce, requested the filing of an inventory of community property, asked for a temporary restraining order and appointment of receiver, sought custody of the five minor children and payment of support and asked the court to make a division of the community estate.

Appellant answered with a general denial, alleged that the appellee was in a period of poor health, that there was substantial community debts and asked that the divorce be denied.

The trial court entered judgment granting appellee a divorce awarding her custody of the four minor children, assessed attorney's fees along with all costs of the suit against appellant, ordered division of the community property and directed appellant to pay child support.

We affirm the judgment of the trial court.

Appellant is before this Court on three points of error, the first being that of the trial court in granting appellee a divorce.

We overrule this point.

Appellee alleged in her petition:

"That the defendant has nagged, cursed, abused and kept the plaintiff and minor children of the plaintiff and defendant in a turmoil until plaintiff's health began to fail and it was necessary for her to seek medical aid; that the defendant has told everyone that would listen that the plaintiff was 'crazy' and that she was not responsible for her acts; plaintiff says that while she did seek medical assistance, the records show that plaintiff is not a person of unsound mind, but that the constant mistreatment of plaintiff by the defendant has caused her extreme nervousness and mental and physical suffering."

The record amply supports these allegations. Art. 4629, subsection (1), Vernon's Annotated Civil Statutes, casts the burden of proof upon a person seeking a divorce to establish by clear and satisfactory evidence that the opposite party is guilty of excesses, cruel treatment or outrages of such a nature as to render the parties living together insupportable, impossible and unendurable. Appellee sustained this burden beyond the faintest shadow of doubt.

There is no need to belabor this dismal record beyond a summary of the excesses and outrages that rendered the parties living together as insupportable, impossible and unendurable. Appellant repeatedly accused appellee of being unfaithful to him and of being "untrue." Falsely accused her of being interested in other men. Quarreled and argued with appellee con-

cerning the subject matter of these accusations. Cursed her and called her vulgar names. Was ashamed of appellee, telling her that she was not good enough to ride in the car with him. Accused appellee of being crazy, insane and needed to be put away in a State insane asylum. Physically abused appellee several times. There were other outrages and provocations against appellee, however it is not necessary to go into this matter further.

With the possible exception of the physical abuse, the conduct of appellant toward the appellee outlined above, was not intermittent or sporadic but was of such a continuity as to fulfill every letter of the requirements of Article 4629 set out above. This is. so even though it is possible that the physical violence on the part of appellant toward appellee was either condoned or occurred at a point too distant in the past to be material. This is so even though the appellee was unable to show that the actions of appellant had actually impaired her physical health. See McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459. Also see this Court's opinion in Fomby v. Fomby, Tex. Civ.App., 329 S.W.2d 111. Appellant's treatment of appellee was clearly of such a nature as to constitute cruel treatment rendering further living together insupportable.

Appellant's second point of error is that of the trial court in awarding appellee a grossly disproportionate share of the community property.

We overrule this point.

The parties to this suit held a total of 1,532 acres of farm and ranch land as the community property of this marriage. This land lies in three tracts: (1) The Newman tract of twenty (20) acres near Garfield in Travis County; (2) the Jones tract of 835 acres, fronting the Austin-Bastrop Highway some six miles from Austin. The family residence is here having been built in 1956 and costing in excess of $20,000.00. In addition, there are improvements on this place consisting of fences, barns, water wells

and tanks; (3) the Fowler tract in Bastrop County consisting of 677 acres of which 265 is in cultivation and 225 being subject to irrigation.

In addition to the real estate, the community estate consisted of cattle worth $25,442.50, farm implements and automobiles valued at $2,420.00, irrigation equipment valued at $4,250.00 and oats and hay valued at approximately $2,800.00. Also Mr. Berdoll was a partner in a cattle trading business valued at $25,000.00. The total community debts were in the neighborhood of $120,000.00.

The trial court awarded appellee wife the 835 acre Jones place with the obligation to pay a $2,000.00 debt against it. This included the family residence and all furnishings, and any money or other property in her name or possession.

The court awarded appellant the remaining community property with the obligation to pay the balance of the community debt, the appellee's attorney's fees which were fixed at $2,500.00, and child support of $50.00 per month for each minor child.

■ In pronouncing a decree of divorce, the court has wide discretion in disposing of property, both separate and community, and such discretion should be corrected only when an abuse is shown and disposition of the property is manifestly unjust and unfair. See Article 4638, V.A.C.S. Also see this Court's opinion in Balander v. Balander, 299 S.W.2d 957.

■ In the light of the facts of this case, we hold that the division made by the trial court was a reasonable one. While appellant was awarded practically all of the community debt, he was also awarded a reasonable portion of the farm lands and all of the farm implements, irrigation equipment, all livestock in addition to the cattle trading partnership. It is apparent here that the trial court made this award to appellant in contemplation of the community debt and in contemplation of a record that portrays ap-

pellant as an astute and able farmer-rancher and cattle trader.

With respect to the appellee, the record indicates that she is in poor health and has no training, other than as a housewife and mother, by which she could earn a living. In addition, she was awarded custody of four minor children.

■ In making a division of property, the court may take into consideration the business opportunities, capacities and abilities of the parties. Bagby v. Bagby, Tex. Civ.App., 186 S.W.2d 702.

In Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, the Court said:

"While the court, in ordering the divorce, should not be unmindful of the benefits which the spouse not at fault would have derived from a continuance of the marriage, through the estate of the other spouse, its power is not limited to providing compensation for such benefits. Instead the court is to do complete equity as between the husband and wife and the children, having due regard to all obligations of the spouses and to the probable future necessities of all concerned. For the purpose of doing equity, the court may award all the personal property to either spouse, and may subject the income, rents, or revenues of all real estate, belonging to either or both of the spouses, to the support of either or both of them, or to the education and support of the children."

■ Appellant's third point of error is that of the trial court in awarding attorney's fees in excess of the amount contracted for by appellee's attorney.

Here appellee has posed a crosspoint complaining that the amount of attorney's fees awarded by the trial court was not commensurate with the work done by appellee's attorneys as the court proceeded on the incorrect premise that appellee was empowered to contract with her attorneys to pay a sum in addition to the amount awarded by the trial court.

We overrule both appellant's third point point and appellee's crosspoint.

In support of his contention under his third point of error, appellant calls our attention to that portion of appellee's petition wherein she states that she "has contracted and agreed to pay him (her attorney) the sum of $1,500.00, the same being reasonable and necessary and the customary fees in such cases, and plaintiff asks that she have judgment against the defendant for her attorney's fee." Appellant maintains that this constituted a contract between the wife (appellee) and her first attorney in the case and even though a second attorney was employed to assist the first attorney, the contract fixed the rights of the parties.

We do not agree with this contention. Appellee testified that she had employed her present attorneys and agreed to pay them $1,500.00 if the case was uncontested, but that in the event that the case became contested, she requested the trial court to fix the fee. Appellee's attorneys filed a trial amendment reflecting this arrangement. We know of no reason why appellee's pleadings were not subject to amendment in this regard and all reasonable intendments must be indulged in favor of the court's judgment. We hold that the fee fixed by the trial court was a reasonable exercise of his discretion. See Thompson v. Thompson, Tex.Civ.App., 380 S.W.2d 632.

We affirm the judgment of the trial court.

Affirmed.

ARCHER, C. J., not participating.