**James Duff DANIELS, Appellant,**

v.

**Virginia Steel DANIELS, Appellee.**

No. 4588.

Court of Civil Appeals of Texas, Eastland.

Feb. 2, 1973.

Rehearing Denied Feb. 23, 1973.

Andress & Woodgate, William Andress, Jr., Raggio & Raggio, Inc., Grier H. Raggio, Dallas, for appellant.

Akin, Gump, Strauss, Hauer & Feld, Molly Bartholow and Michael Lowenberg, Dallas, for appellee.

BROWN, Justice.

This is an appeal from the property division of a divorce judgment. Trial was had without a jury.

James and Virginia Daniels were married in June of 1939; at that time James was an employee of Gulf Insurance Company. In October, 1947, Gulf inaugurated a pension plan applicable only to permanent employees after that date. The plan gave credit for length of employment except the first three years, with James being credited for sixteen years. October 1, 1969, James began receiving payment from the pension plan in the amount of $542 per month. The parties were divorced January 27, 1972.

In the divorce judgment the trial court ordered $376 of the monthly payment from the pension plan paid to Virginia. This ruling recognized James also received $210 social security benefits. The $376 was one-half the monthly income from the pension plan and the social security benefits.

James contends the trial court erred in that the proceeds from the pension plan were his separate property as a gift, or in the alternative, if not the entire amount, then only 80% was attributable to his employment during marriage.

The Texas law is expressed in Berdoll v. Berdoll, 398 S.W.2d 397 (Tex.Civ.App.—Austin 1966, no writ hist.), as follows:

> "In pronouncing decree of divorce, trial court has wide discretion in disposing of property, both separate and community, and such discretion should be corrected only when an abuse is shown and disposition of the property is manifestly unjust and unfair."

Balander v. Balander, 299 S.W.2d 957 (Tex. Civ.App.—Austin 1957, no writ hist.);

Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923).

Further James urges as error the court's failure to consider as community property the $3,000 paid out of the community estate to improve and remodel Virginia's separate property. James seeks $3,000 reimbursement to the community. The point is without merit. The proper rule of law is that the amount of reimbursement should be determined by the amount of enhancement in value rather than the amount spent by the community. Fulwiler v. Fulwiler, 419 S.W.2d 251 (Tex.Civ.App. —Eastland 1965, no writ hist.).

The facts of the case at bar do not establish a division of the property of the parties that is manifestly unjust and unfair.

Virginia's cross-point that she should be entitled to attorneys' fees because this appeal is meritless is overruled.

Having considered all points of error, judgment of the trial court is affirmed.