Rose M. FLOURNOY, Appellant,

v.

E. D. FLOURNOY, Sr., Appellee.

No. 5268.

Court of Civil Appeals of Texas.

El Paso.

May 28, 1958.

Fryer, Milstead & Luscombe, El Paso, for appellant.

Andress, Lipscomb, Peticolas & Fisk, El Paso, for appellee.

FRASER, Justice.

This is an appeal from a judgment of divorce based on the statutory grounds of cruelty. There were no minor children. The case was tried to the court without a jury. Appellant has briefed two points, and we will take them in order.

Appellant's first point is that there was insufficient evidence before the court upon which the court could have granted a divorce decree to Mr. Flournoy. In cases of this nature the matter of cruel and inhuman treatment of sufficient degree to render further living together insupportable has long been held by the courts to be a matter largely within the discretion of the trial judge, and this is rightly so. The trial judge in these cases, as in child custody cases, has the parties before him and is on the ground where he can observe both litigants and then exercise the judicial discretion which he is authorized and required to use. We have examined the record very carefully in this case, and while there are many mitigating circumstances, and while the parties have crossed the line of middle age, we are forced to the conclusion that the trial court did not abuse his discretion in finding the conduct of appellant sufficient to entitle appellee to a divorce. It is not the function of the appellate court to retry a lawsuit, but merely to determine if reversible error has been committed by the trial court, and we do feel here that there was sufficient credible evidence to justify the trial court in finding

that appellee was entitled to this divorce. We therefore must and do overrule appellant's first point.

■ Appellant's second point of error complains of the distribution of the community property. These matters always present some difficulty, and we have examined the court's action here with extreme care, especially in view of the fact that the appellant is a woman almost sixty years of age, and who has apparently worked hard most of her married life. The record reflects that the court awarded appellant the use of the homestead for the rest of her natural life—in other words, she can live in it or rent it, as she sees fit. The court further finds that such is community property and that each owns an undivided one-half interest, but as stated above, she is given the exclusive use and revenue during her lifetime. Appellant was also awarded the family automobile outright, as well as the furniture remaining in the home. In addition, she was given a thirty per cent interest in the business owned and operated by appellee, and he, in turn, is required to contribute $230 per month to appellant from said business. Appellant was also given a United States savings bond of the value of $900, and a one-half interest in an insurance policy on life of appellee. Appellant complains that this is an unjust distribution of the community property, and that it leaves appellee in the position to destroy the business or mismanage it, and that appellant is helpless to do anything about it. The business owned and operated by appellee is a merchandising venture, and is what could probably be called a one-man business, and one of his complaints was that appellant had interfered with his conduct of the business.

We do not think the trial court was inequitable or unjust in his disposition of the community assets. It may well be, as appellant asserts, that appellee will dissipate the business or its profits, but that has always been the privilege of the owner of the business. If such should appear, we do not believe that appellant is without legal recourse, as she is a definite owner of thirty per cent of the business. There did not seem to be any other community property other than, perhaps, a bank account which was not mentioned, so far as we know, other than the bank account kept by the business itself. It therefore seems that the court has made an equitable distribution of the community assets.

While we fully appreciate appellant's position that perhaps some of her alleged marital conduct or cruelty was in fact provoked or aggravated by appellee himself, the trial judge apparently felt that divorce was justified, and the only solution to this unfortunate situation. We do not find sufficient ground to disturb his discretional findings.

Appellant's points are therefore overruled, and the judgment of the trial court affirmed.