**In the Matter of the MARRIAGE OF Fortino Pineda TRUJILLO and Maria C. Vela Trujillo.**

**No. 8610.**

Court of Civil Appeals of Texas, Texarkana.

March 20, 1979.

William M. Boyd, Boyd, Veigel & Gay, Inc., McKinney, for appellant.

Jack L. Johannes, Jack Johannes & Associates, Dallas, for appellee.

RAY, Justice.

This is a domestic relations case. Appellant (petitioner), Fortino Pineda Trujillo, sought a divorce and division of the property of the parties from appellee (respondent), Maria C. Vela Trujillo. Appellant was granted a divorce and the trial court, sitting without a jury, entered its judgment awarding appellee, Maria, a one-third undivided interest in the property known as Tino's Mexican Restaurant. It is from this award of the interest in the restaurant that appellant, Fortino, has brought this appeal. Two points of error have been submitted for our consideration.

Appellant's first point of error is as follows:

"The trial Court abused its discretion in its division of the property awarding a one-third undivided interest in the property known as Tino's Mexican Restaurant to Appellee."

Point of Error No. 2 is as follows:

"The trial Court's division of the property amounts to an award of permanent alimony in violation of the public policy of the State of Texas."

The judgment of the trial court will be affirmed.

Fortino and Maria were formally married on October 7, 1976, and separated three days later. The parties had known each other for approximately three years and had been living together as husband and wife for eight months prior to their ceremonial marriage. Fortino came to Texas from California in June of 1975 to establish his own restaurant. Maria followed on January 31, 1976, and moved into an apartment with Fortino the next day. Fortino opened his restaurant on September 2, 1976, and invested in the business the sum of $9,418.84 from his separate estate along with $1,290.00 from the community estate. Maria contributed her time and services by

working as a waitress, hostess and cashier at the restaurant for which she received no pay. The evidence reveals that Maria contributed to the household expenses and savings of the parties.

The divorce decree entered in 1977 awarded Maria an undivided one-third interest in Tino's Mexican Restaurant. The court found that no children were born of the marriage.

The trial court, after awarding a one-third interest in the restaurant to Maria, has also permanently enjoined Maria from interfering with the possession and operation of the business.

■ Section 3.63 of the Texas Family Code Annotated grants the trial judge authority to order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party. The discretion lodged with the trial court is very broad and his division of the estate will not be set aside on appeal absent a clear showing that the court abused its discretion. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923); *Dorfman v. Dorfman*, 457 S.W.2d 417 (Tex. Civ.App.Texarkana 1970, no writ); *Matter of Marriage of Long*, 542 S.W.2d 712, 716 (Tex.Civ.App.Texarkana 1976, no writ).

■ We have reviewed the entire record in this case and find that the trial judge did not abuse his discretion. The trial court is not required to make an equal division of the community property. 1 Speer's, Texas Family Law, Sec. 5.62 (5th ed. 1975). Considering all of the circumstances in this case and the various contributions made by the parties, both in money and time, we cannot say the trial court arbitrarily and capriciously gave Maria more than she should have received. The equities of the case are sufficient to support the trial court's division of the property which allowed Maria to receive an undivided one-third interest in the restaurant.

Appellant cites *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex.1977), as authority for the proposition that the court cannot divest a spouse of separate personal property or a spouse's fifty percent interest in the community property. A thorough review of that case reveals that it holds that a spouse cannot be divested of his or her separate *real* property. The trial court has authority to make such division of the community property and the separate personal property of the parties as the court deems just so long as the court does not abuse its discretion. While this court does not think it is wise to award undivided interests in a going business between parties who are already antagonistic, we cannot say that such action constitutes an abuse of discretion. See *Flournoy v. Flournoy*, 315 S.W.2d 150 (Tex.Civ.App.El Paso 1958, no writ); *Braswell v. Braswell*, 476 S.W.2d 444 (Tex.Civ. App.Waco 1972, writ dism'd); *Dorfman v. Dorfman*, supra. Appellant's first point of error is overruled.

■ Appellant argues that by giving the wife a one-third interest in the continuing business, the court has effectively ordered him to pay alimony. Alimony is a personal obligation imposed upon the husband by court order for the support and sustenance of the wife after a final decree of divorce. *Francis v. Francis*, 412 S.W.2d 29 (Tex.1967); *Matter of Marriage of Long*, supra. The award in this case is not alimony because it does not impose a personal obligation upon the husband to support his former wife. Instead, Maria is entitled to one-third of the profits of the restaurant. If there are no profits, she is entitled to nothing; if the business fails, she gets nothing. Maria's interest includes not only the assets of the business, but its liabilities. If Fortino is dissatisfied, he may petition the court for a partition of the property, which in all likelihood would require the business to be sold and the net proceeds to be divided between the parties according to their interests. We hold that the division of the property, in this case, was not an award of alimony. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.